UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 MAR 14 A 9:16

| | |
|---|---|
| DENNIS RUDD, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 1:06cv233-WKW |
| GENEVA COUNTY COMMISSION, an Alabama political subdivision, GREGG WARD, Sheriff for Geneva County, Alabama, and X, Y, and Z, who are entities or individuals who live in the Geneva area or Geneva County and all whose names when mentioned will be substituted by amendment. | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT
### Count I

1. Plaintiff, Dennis Rudd, is an adult resident currently incarcerated in Easterling Correctional Facility, an Alabama prison situated in Clayton County, State of Alabama.

2. Defendant, Geneva County Commission, hereinafter referred to as "County") is a political subdivision organized and existing under the laws of the State of Alabama.

3. Defendant, Gregg Ward, hereinafter referred to as "Officer", is the Sheriff of Geneva County and is responsible for the maintenance and care of the Geneva County jail.

4. Plaintiff was lawfully detained due to serving a sentence for prior convictions.

5. While detained by the Geneva County jail, Plaintiff became infected with a Staph infection due to unkempt and foul jail conditions.

6. On the 24th day of February 2005, said Plaintiff was brutally beaten by inmates while incarcerated in the Geneva County Jail. Prior to said date, Plaintiff <u>and</u> said inmates, made repeated requests to the County and Sheriff that Plaintiff be transferred from his current cellblock to another cellblock due to his having a Staph infection. Said requests went unheeded and ignored by Defendants. As a consequence of the Defendants' failure to act, Plaintiff was kept locked up with inmates who physically and severely assaulted Plaintiff.

7. On the 12th day of July 2005, Plaintiff presented to Defendants a claim for the damages sustained by Plaintiff's as a result of the matters alleged above. A copy of that claim is attached to this complaint, marked as Exhibit "A" and incorporated by referenced.

WHEREFORE, Plaintiff demands judgment against Defendants in a reasonable sum to be determined by the Trier of the facts, attorney's fees and court costs and such other and further relief as deemed appropriate by this Court.

## Count II
## Civil Rights Violation

8. Plaintiff adopts by reference paragraphs one through seven above of Count I as if more fully setout herein.

9. On or about the 24th of February 2005, Defendants unlawfully deprived Plaintiff of Plaintiff's legal rights guaranteed to him by the Constitution and Laws of the United States in that Defendants failed to provide a hygienic facility during Plaintiff's incarceration which caused Plaintiff to contract a Staph infection prevalent in the jail. Plaintiff avers that Defendants ultimately allowed Plaintiff to be brutally beaten and not provided proper medical attention and treatment following said assault.

10. Defendants conduct was done under color of State law, and pursuant to an official policy of said Defendant(s), County and Sheriff.

11. Defendant's said actions violated 42 U.S.C.S §1983.

12. Plaintiff claims attorney's fees and expenses of the Defendant pursuant to 42 U.S.C.S. §1988.

WHEREFORE, Plaintiff(s) demand judgment against Defendant(s) in a reasonable sum to be determined by the Trier of the facts, plus attorney's fees and court costs and such other and further relief as deemed appropriate by this Court.

## Count III

## Civil Rights Violation

13. Plaintiff incorporates paragraphs one through twelve of Counts I and II above as if more fully setout herein.

14. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

15. The claims for relief and causes of action alleged herein arise under the Civil Rights Acts of 1861, 1870 and 1871, 42 U.S.C. § 1983, 1985 and 1988 the 4th, 5th, 8th and 17th Amendments to the United States Constitution.

16. The various acts and omissions alleged herein were engaged in and carried out by, between and among the individual Defendants while Defendants were employed as members of the Geneva County Commission, as the Sheriff, or Sheriff's deputies of Geneva County, and/or officials of the County Jail who have responsibility for, or with, the Geneva County Jail. All of the various acts, actions alleged herein were engaged in and carried out by, between and among individual Defendants, under color of State law.

17. At all times relevant hereto, the Geneva County Jail was(is) overcrowded.

18. Defendants, County and Sheriff, were aware of fights occurring in cells including but not limited to Plaintiff Rudd's cell and took no steps to prevent same.

19. As a direct result of the custom, policy and practice of overcrowding cells, fights among prisoners were frequent, resulting in injury to prisoners in the Geneva County jail.

20. Defendants were aware of the occurrence of such incidents and took no adequate steps to alleviate the conditions which caused them. On February 24, 2005 Plaintiff was involved with other prisoners housed in the subject jail, and Defendants knew or should have known of the threat to prisoners such as Plaintiff. Plaintiff was severely attacked.

21. As a direct consequence of the attack, Plaintiff suffered permanent injury, medical bills, pain and suffering, violation of his civil rights, and protected by the federal constitution

22. The defendant(s), knowing that the overcrowding of cells, lack of proper facilities and having this proven to correct the conditions, willfully, deliberately, and maliciously, and with your negligence and reckless disregard permitted the assault on Plaintiff to occur. By doing so, Plaintiff was deprived of liberty interest protected under the 5th, 8th, and 14th Amendments to the federal constitution and are liable under 42 USC 3 1983, 1985.

23. Defendant(s) knowing of the overcrowding at the jail and having the power to correct these conditions acted with gross negligence in doing so, and violated the Plaintiff's constitutional right to due process and expand protection and the Plaintiff's right against cruel and unusual punishment in maintaining said jail in its condition.

24. By reason of the forgoing unlawful acts, Plaintiff has been damaged in an amount in excess of one million dollars, including actual physical injuries, violations on his civil rights, pain and suffering, medical and hospital expenses,

WHEREFORE, Plaintiff asks for the following relief:

1) Compensatory Damages

2) An order from this court requiring that Defendant Geneva County erect a suitable jail facility to house its inmates.

3) Such other and further relief as the Court may deem appropriate, including costs of attorney's fees.

Dated this 15th day of January, 2006.

                                                J.E. Sawyer, Jr. (ASB 6566 S58J)
                                                Attorney for Plaintiff
                                                203 South Edwards Street
                                                Enterprise, AL 36330
                                                (334) 347-6447