IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS RUDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-cv-233-WKW-CSC |
| | ) |
| GENEVA COUNTY COMMISSION | ) |
| and SHERIFF GREG WARD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM BRIEF IN SUPPORT OF
DEFENDANT SHERIFF GREG WARD'S MOTION TO DISMISS/
ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant Greg Ward, Sheriff of Geneva County, Alabama, in his official capacity,[1] and submits this memorandum brief in support of his Motion to Dismiss/Alternative Motion for More Definite Statement filed simultaneously herewith.

**INTRODUCTION**

Plaintiff Dennis Rudd sued Sheriff Greg Ward and the Geneva County Commission[2] on March 14, 2006 and served the Complaint upon those parties on March 20, 2006. The Plaintiff contends that he suffered from a staph infection while incarcerated at the Geneva County Jail and that he was attacked by other inmates on February 24, 2005. See Complaint, ¶ 6. It appears that the Plaintiff believes the staph infection and inmate attack are related. See Notice of Claim attached to Complaint. The Plaintiff cites numerous federal statutes and constitutional

---

[1] Greg Ward is sued as the "Sheriff for Geneva, County, Alabama." See Caption of Complaint. He is identified in the Complaint as "the Sheriff of Geneva County." See Complaint, ¶ 3. Thus, it should be assumed that the Plaintiff has sued Sheriff Ward in his official capacity. See Marsh v. Butler County, 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) (en banc) (concluding that a Court would "decide th[e] case as one in which the complaint purports to sue the Sheriff in both her official and individual capacities," even though the text of the complaint did not state an individual capacity claim, because "the parties and the district judge clearly litigated the case in that way").

[2] The Geneva County Commission has contemporaneously filed a Motion to Dismiss and brief in support thereof.

amendments in his Complaint that he contends have been violated by the Defendant. The Plaintiff does not make state law claims in the Complaint.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Even taking all of Plaintiff's conclusory allegations as true, these claims are nonetheless due to be dismissed on the legal grounds set out below.

**I. SHERIFF WARD IS ENTITLED TO HAVE THE PLAINTIFF'S § 1983 AND § 1985 CLAIMS FOR DAMAGES AGAINST HIM DISMISSED.**

Defendant Sheriff Ward is entitled to Eleventh Amendment immunity. Moreover, Sheriff Ward is not a "person" for purposes of 42 U.S.C. § 1983.

**A. The Plaintiff's claims against Sheriff Ward are barred by the Eleventh Amendment to the United States Constitution.**

The Plaintiff's § 1983 claims are due to be dismissed for lack of subject matter jurisdiction. Thus, these claims are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). By virtue of his position, Sheriff Ward is an executive officer of the State of Alabama. See Article V, § 112 of the Alabama Constitution; see also McMillian v. Monroe County, 520 U.S. 781 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). Therefore, a suit against Sheriff Ward in his official capacity is a suit against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1997); see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Carr v. City of Florence, Ala., 916 F.2d 1521, 1525-27 (11th Cir. 1990).

Because this suit is, in effect, a suit against the State of Alabama, the Plaintiff's claims under § 1983 and § 1985 are barred by the Eleventh Amendment to the United States Constitution.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that action under 42 U.S.C. § 1983 against the Sheriff is barred by the Eleventh Amendment); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992) (holding that suit against a sheriff in his official capacity "is prohibited by the Eleventh Amendment because the State of Alabama is the real party in interest."); Vinson v. Clarke County, 10 F. Supp. 2d 1282, 1305 (S.D. Ala. 1998) (explaining "the sovereign immunity protections have been construed by courts to extend to employees of the state, including county sheriffs).  Thus, this Court lacks subject matter jurisdiction over the Plaintiff's claims against Sheriff Ward.

**B.    Sheriff Ward is not a "person" for the purposes of 42 U.S.C. § 1983 or § 1985.**

42 U.S.C. § 1983 prohibits a "person," acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983.  The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims against Sheriff Ward are due to be dismissed because he is not a "person" under § 1983.  Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").  The same analysis holding that Sheriff Ward is not a "person" for the purposes of 42 U.S.C. § 1983 also applies to § 1985 claims.  Young v. Southtrust Bank, 51 F. Supp. 2d 1274, 1285 (M.D. Ala. 1999).  Thus, these claims are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.     PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT.**

Subject matter jurisdiction is a "threshold issue" which a Plaintiff must establish to the Court's satisfaction before he may prevail on any of his claims. See generally Rosado v. Wyman, 397 U.S. 397, 402 (1970); Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). In the instant case, Plaintiff cannot overcome this initial hurdle with regard to his claim for injunctive relief because Plaintiff's claims for injunctive relief are moot. "[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005). Because, from the face of the Plaintiff's Complaint it is clear that he is no longer incarcerated at the Geneva County Jail, his claims for injunctive relief are moot. (Plaintiff's Complaint, ¶ 1). Zatler v. Wainwright, 802 F.2d 397, 389, 399 (11th Cir. 1986) ("In view of [the plaintiff's] subsequent release [from the correctional facility where claims arose], we find that his claims for declaratory and injunctive relief are now moot."); see also Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." (citations omitted)); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (holding that prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for

declaratory and injunctive relief." (citation omitted)). Accordingly, to the extent that the Plaintiff's Complaint seeks injunctive relief, it fails for lack of subject matter jurisdiction.

### III. IN THE ALTERNATIVE, DEFENDANT SHERIFF GREG WARD SEEKS A MORE DEFINITE STATEMENT.

Filing a response to the Plaintiff's Complaint has been especially difficult due to the vague nature of the Plaintiff's allegations. Count I recites the factual allegations of the Complaint, and requests relief from this Court but does not assert any claim. Count II of the Plaintiff's Complaint alleges that the Defendants "violated 42 U.S.C.S. § 1983." Count III alleges that the Defendants violated 42 U.S.C. §§ 1983, 1985,[3] and 1988, and that the Defendants violated the Fourth, Fifth, Eighth, and Seventeenth Amendments to the United States Constitution. See Complaint, ¶ 15. Plaintiff scatters references to alleged denial of medical care, jail overcrowding and conditions of confinement in the Complaint. The Complaint is also factually vague as to what the Defendant specifically did to allegedly violate the Plaintiff's rights. This Complaint is the epitome of a "shotgun pleading."

The Eleventh Circuit, in Anderson v. Dist. Bd. of Tr. of Cent. Fla. Community College, 77 F.3d 364 (11th Cir. 1996), discussed Rule 10(b)'s application to pleadings as follows:

> [The plaintiff's] complaint is a perfect example of "shotgun" pleading . . . in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as [the plaintiff's] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses."

---

[3] 42 U.S.C. § 1985 governs conspiracies. The Plaintiff does not state which part of § 1985 he believes has been violated by these Defendants.

Id. at 366-67 (citations omitted) (footnotes omitted); see also Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996); Fikes v. City of Daphne, 79 F.3d 1079, 1082-83 (11th Cir. 1996); Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1567 (11th Cir. 1995); Pelletier v. Zweifel, 921 F.2d 1465, 1517-18 (11th Cir.), cert. denied, 502 U.S. 855 (1991).

Defendant Greg Ward seeks a more definite statement of claims from Plaintiff in order to be able to reasonably respond. The purpose of requiring a more definite statement is to enable defendants to respond, focus the scope of discovery, and to preserve judicial economy. See Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). The Complaint filed by Plaintiff does not accomplish any of these purposes and instead sets out a conclusory jumble of statements with few, if any, specific allegations against the Defendant. This mere set of vague conclusions, reminiscent of a shotgun pleading, is not sufficient to give Defendant notice as to the specific claims against him. In civil rights actions, courts have recognized that more than mere conclusory notice pleading is required. In these actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. See, e.g., Burnett v. Short, 441 F.2d 405 (5th Cir. 1971); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).[4]

In the present case, Plaintiff has merely made vague and conclusory allegations against Defendant Greg Ward, requiring the Defendant to move for a more definite statement in order to be able to respond to Plaintiff's claims.

---

[4] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (decisions handed down before close of business September 30, 1981 binding precedent on Eleventh Circuit).

WHEREFORE, PREMISES CONSIDERED, Defendant Greg Ward moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and grant unto him costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted this the 6th day of April, 2006.

> s/C. Richard Hill, Jr.
> KENDRICK E. WEBB – Bar No. WEB022
> C. RICHARD HILL, JR. – Bar No. HIL045
> Attorneys for Defendant Sheriff Greg Ward
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  rhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 6, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Joseph Earl Sawyer, Jr., Esq.**

> **s/C. Richard Hill, Jr.**
> OF COUNSEL