IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS RUDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06-cv-233-WKW-CSC |
| | ) |
| GENEVA COUNTY COMMISSION | ) |
| and SHERIFF GREG WARD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT
GENEVA COUNTY COMMISSION'S MOTION TO DISMISS/
ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant Geneva County Commission and submits this brief in support of its Motion to Dismiss/Alternative Motion for More Definite Statement filed simultaneously herewith.

**INTRODUCTION**

The Plaintiff Dennis Rudd sued Sheriff Greg Ward[1] and the Geneva County Commission on March 14, 2006 and served the Complaint upon those parties on March 20, 2006. The Plaintiff contends that he contacted a staph infection while incarcerated at the Geneva County Jail and that he was attacked by other inmates on February 24, 2005. See Complaint, ¶ 6. It appears that the Plaintiff believes the staph infection and inmate attack are related. See Notice of Claim attached to Complaint. The Plaintiff cites numerous federal statutes and constitutional amendments in his Complaint that he contends have been violated by the Defendant. The Plaintiff does not make state law claims in the Complaint.

---

[1] Sheriff Greg Ward has contemporaneously filed a Motion to Dismiss/Alternative Motion for More Definite Statement and brief in support thereof.

1

# ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Even taking all of Plaintiff's conclusory allegations as true, these claims are nonetheless due to be dismissed on the legal grounds set out below.

## I. COUNT I IS DUE TO BE DISMISSED BECAUSE IT DOES NOT STATE A CAUSE OF ACTION AGAINST THE DEFENDANTS.

Count I of the Plaintiff's Complaint contains a factual narrative and a request for judgment. However, Count I does not state a cause of action or theory of relief against the Defendants. A mere statement of facts and request for judgment cannot support a claim. Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint must contain a "statement of the claim showing that the pleader is entitled to relief." Count I of the Plaintiff's Complaint fails to meet this requirement.

## II. PLAINTIFF'S CLAIM IN COUNT II IS DUE TO BE DISMISSED AS 42 U.S.C. § 1983 IS NOT THE SOURCE FOR ANY SUBSTANTIVE RIGHTS.

Section 1983 is <u>not</u> itself a source of substantive rights; it merely provides a method for the vindication of rights elsewhere conferred in the United States Constitution by federal statutory law. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979); Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). Plaintiff states in his Complaint that "Defendant's said actions violated 42 U.S.C. § 1983." (Plaintiff's Complaint, ¶ 11.) However, because this section is not a source of substantive rights, this claim is due to be dismissed.

**III.   PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE DUE TO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

   **A.   Plaintiff's Fifth Amendment claims are due to be dismissed because the Fifth Amendment due process clause does not apply to state and local governments.**

Plaintiff alleges that his rights under the Fifth Amendment to the United States Constitution have been violated. However, the Fifth Amendment's Due Process Clause does not apply to state and local governments, but rather applies only to the federal government. See Dowdell v. Chapman, 930 F. Supp. 533, 542 (M.D. Ala. 1996); Knoetze v. U.S. Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981) (decided January 12, 1981)[2]; see also Buxton v. City of Plant City, 871 F.2d 1037, 1041 (11th Cir.1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment . . . restrains the states, from depriving any person of life, liberty, or property without due process of law."); Love v. Davis, 14 F. Supp. 2d 1273, 1276 (N.D. Ala. 1998) ("It is well settled that the Due Process Clause of the Fifth Amendment does not bind state governments. Rather, it is applicable only to the federal government.").

Thus, Plaintiff's Fifth Amendment claims against the Geneva County Commission are due to be dismissed.

   **B.   Plaintiff's Fourteenth Amendment claims are due to be dismissed because the Plaintiff was a convicted prisoner at the relevant time.**

To the extent that Plaintiff claims violation of his Fourteenth Amendment rights, Defendants note that the Plaintiff was convicted at the time of his allegations,[3] and therefore, his

---

[2] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).
[3] In the Complaint, the Plaintiff states in paragraph four that he "was lawfully detained due to serving a sentence for prior convictions."

claims fall under the Eighth Amendment, not the Fourteenth.  See Marsh v. Butler County, Ala., 268 F.3d 1014 (11th Cir. 2001).

    **C.**     **Plaintiff's Seventeenth Amendment claims are due to be dismissed as the Seventeenth Amendment does not apply in the instant case.**

The Plaintiff states he is suing these Defendants for a violation of the Seventeenth Amendment.  See Complaint, ¶ 15.  The Seventeenth Amendment states:

> The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote.  The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures.
>
> When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: Provided, that the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.
>
> This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution.

The Seventeenth Amendment provides for the direct election of United States Senators.  Even if the Plaintiff is running for, or planning to run for, the United States Senate, it is impossible to ascertain from the Complaint how the Geneva County Commission has denied the Plaintiff that opportunity.

    **D.**     **Plaintiff's Fourth Amendment claims are due to be dismissed as the Fourth Amendment is not applicable to the facts as alleged.**

The Fourth Amendment prohibits unreasonable searches and seizures.  In the instant case, the Plaintiff has not pled facts pertaining to any unreasonable search and seizure.  In fact, the Plaintiff alleges that he was "lawfully detained." (Plaintiff's Complaint, ¶ 4.)  Because the alleged facts in no way implicate the Fourth Amendment, such claims are due to be dismissed.

**IV.   PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT.**

Subject matter jurisdiction is a "threshold issue" which a plaintiff must establish to the Court's satisfaction before he may prevail on any of his claims. See generally Rosado v. Wyman, 397 U.S. 397, 402 (1970); Ellis v. Gen'l Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). In the instant case, the Plaintiff cannot overcome this initial hurdle with regard to his claim for injunctive relief because the Plaintiff's claims for injunctive relief are moot. "[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005). Because, from the face of the Plaintiff's Complaint it is clear that he is no longer incarcerated at the Geneva County Jail, his claims for injunctive relief are moot. (Plaintiff's Complaint, ¶ 1). Zatler v. Wainwright, 802 F.2d 397, 389, 399 (11th Cir. 1986) ("In view of [the plaintiff's] subsequent release [from the correctional facility where claims arose], we find that his claims for declaratory and injunctive relief are now moot."); see also Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." (citations omitted)); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (holding that prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for

5

declaratory and injunctive relief." (citation omitted)). Accordingly, to the extent that the Plaintiff's Complaint seeks injunctive relief, it fails for lack of subject matter jurisdiction.

V. **AS A MATTER OF FEDERAL LAW, DEFENDANT GENEVA COUNTY COMMISSION, HAVING NO AUTHORITY OVER THE GENEVA COUNTY SHERIFF, THE SHERIFF'S EMPLOYEES OR THE OPERATION OF THE JAIL, CANNOT BE HELD LIABLE FOR POLICIES OR CONDUCT OF THE SHERIFF, HIS EMPLOYEES OR JAIL OPERATIONS.**

Plaintiff attempts to hold the Geneva County Commission vicariously liable for the acts of Sheriff Ward and his staff. Because the Geneva County Commission cannot, as a matter of law, be held liable for the conduct of Sheriff Ward, his employees or for matters concerning the daily operation of the jail, the Geneva County Commission is entitled to be dismissed.

The Eleventh Circuit in Turquitt v. Jefferson County, Ala., sitting en banc, analyzed Alabama law with respect to whether Alabama counties possessed any authority over the operation of county jails or the supervision of jail employees and its inmates. 137 F.3d 1285, 1288-1291 (11th Cir. 1998). In Turquitt the Eleventh Circuit found as follows:

> A thorough analysis of the Code reveals that no statute authorizes counties to supervise inmates in the county jails; instead, authority over inmates is expressly delegated to Alabama sheriffs. Moreover, in operating the jails, sheriffs are subject to control by state executive agencies, not by counties.
>
> Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself. The Code bestows upon the sheriff "the legal custody and charge of the jail in his county and all prisoners committed thereto." Ala. Code § 14-6-1 (1995). The Alabama Supreme Court has held that § 14-6-1 demonstrates that "the sheriff's authority over the jail is totally independent of the [county commission]." King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993). The sheriff appoints, directs, and controls the deputies and jailers who work at the jail. Ala. Code § 14-6-105. The County has no authority to manage the sheriff's employees. See Lockridge v. Etowah County Comm'n, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984); see also Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989) (finding that Alabama county commissioners have no authority to hire or fire deputies or jailers). . . .
>
> We recognize that Alabama counties possess some duties with respect to county jails. However, none of these duties relates to the daily operation of the

>jails or to the supervision of inmates. The duties of the counties with respect to the jails "are limited to funding the operation of the jail and to providing facilities to house the jail." Stark v. Madison County, 678 So. 2d 787, 787 (Ala. Civ. App. 1996).

Id. at 1289.

As a result, an Alabama county cannot be held vicariously liable under § 1983 for injuries to a county jail inmate arising from the sheriff's management of the jail. Id. at 1286; see also McMillan v. Monroe County, Ala., 520 U.S. 781, 788 (1997) (holding Alabama sheriff policymaker of state and not county). Further, Defendant Geneva County Commission cannot be held liable under § 1983 on a *respondeat superior* theory. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

While a county may be held liable for a constitutional violation caused by a policy or custom created by an official "whose edicts or acts may fairly be said to represent official policy," Id. at 694, whether a given official is properly viewed as a policymaker for a particular governmental entity must be resolved on the basis of state law. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 737 (1989). Alabama law makes it clear that sheriffs are not county policymakers. See King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993) (holding county commission has no control over jail operations); see also Crocker v. Shelby County, 604 So. 2d 350 (Ala. 1992) (holding county commission has no authority over, and takes no part in, training or supervising deputy sheriffs); Lockridge v. Etowah County Comm'n, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984) (holding county commission does not have authority to promulgate work rules for employees of sheriff).

As a result, a sheriff is not treated as an "employee of the county for purposes of imposing liability on the county under a theory of *respondeat superior*." Parker v. Amerson, 519 So. 2d 442

(Ala. 1987); see also King, 620 So. 2d at 625 ("The sheriff's authority over the jail is totally independent of the Colbert County Commission. . . . Therefore, . . . Colbert County itself cannot be held vicariously liable for his actions or inaction.").

## VI. PLAINTIFF HAS FAILED TO ALLEGE THAT ANY POLICY OF THE GENEVA COUNTY COMMISSION WAS THE MOVING FORCE BEHIND THE ALLEGED VIOLATION.

"[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citations omitted). The Plaintiff has failed to allege any practice or policy established by the Geneva County Commission which could cause it to be liable for the actions of any person referred to in the Complaint. Further, any custom or policy of the Sheriff or his Deputies cannot be attributed to the County because the Sheriff is not a policymaker for the County. Finally, the Plaintiff cannot show that any such custom or policy was the moving force behind the constitutional violation alleged.

> [I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403-404 (U.S. 1997) (citations omitted); see also Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993) ("A plaintiff may not infer a policy merely because harm resulted from some interaction with a

governmental entity."). The Plaintiff's Complaint contains insufficient allegations specific to the County Commission. Further, there is no allegation showing that the County Commission promulgated any policy of which the Plaintiff complains. In fact, the Plaintiff has failed to even identify a custom or policy that can be attributed to the County Commission in light of the well settled law concerning the County's limited responsibility over County Jails.

While a county may be held liable for a constitutional violation caused by a policy or custom created by an official "whose edicts or acts may fairly be said to represent official policy," Monell, 436 U.S. at 694, whether a given official is properly viewed as a policymaker for a particular governmental entity must be resolved on the basis of state law. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 737 (1989). Alabama law, as interpreted by the United States Supreme Court, clearly establishes that the Sheriff is not a county policymaker, but that the Sheriff acts for the state, and not for the county. See McMillian v. Monroe County, Ala., 520 U.S. 781, 788 (1997) (holding that an Alabama Sheriff "represents the State of Alabama and is therefore not a county policymaker."). Accordingly, the Colbert County Commission cannot be held liable based on any alleged policy of Sheriff Ward.

In order to hold a county or municipality liable for constitutional deprivations under § 1983, the Plaintiff must show that the county or municipality was the "moving force" behind the violation. See McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999) (affirming summary judgment in favor of county on the basis that the plaintiff did not show "that a county policy or custom was the 'moving force' that caused the alleged constitutional violations."). In order to demonstrate a policy, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to a municipality. The plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the alleged constitutional deprivation.

Brown, 520 U.S. at 404; see also Polk County v. Dodson, 454 U.S. 312, 326 (1981). Only "when execution of a government's policy or custom" is responsible for "inflict[ing] the injury," and thus "the moving force of the constitutional violation" is the governmental entity liable. Monell, 436 U.S. at 694; see also Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990); Anderson v. City of Atlanta, 778 F.2d 678, 685 (11th Cir. 1985). A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the alleged injury. Brown, 520 U.S. at 404.

Because there is no allegation showing that the Geneva County Commission enacted a policy or custom that was the "moving force" behind the Plaintiff's injury, the Plaintiff's claims against this Defendant are due to be dismissed.

**VII. IN THE ALTERNATIVE, DEFENDANT GENEVA COUNTY COMMISSION SEEKS A MORE DEFINITE STATEMENT.**

Filing a response to the Plaintiff's Complaint has been especially difficult due to the vague nature of the Plaintiff's allegations. Count I recites the factual allegations of the Complaint, and requests relief from this Court but does not assert any claim. Count II of the Plaintiff's Complaint alleges that the Defendants "violated 42 U.S.C.S. § 1983." Count III alleges that the Defendants violated 42 U.S.C. §§ 1983, 1985[4] and 1988, and that the Defendants violated the Fourth, Fifth, Eighth and Seventeenth Amendments to the United States Constitution. See Complaint, ¶ 15. The Plaintiff scatters references to alleged denial of medical care, jail overcrowding and conditions of confinement in the Complaint. The Complaint is also factually vague as to what the Defendant specifically did to violate the Plaintiff's rights. This Complaint is the epitome of a "shotgun pleading."

---

[4] 42 U.S.C. § 1985 governs conspiracies. The Plaintiff does not state which part of § 1985 he believes has been violated by these Defendants.

The Eleventh Circuit in Anderson v. Dist. Bd. of Tr. of Cent. Fla. Community College, 77 F.3d 364 (11th Cir. 1996), discussed Rule 10(b)'s application to pleadings as follows:

> [The plaintiff's] complaint is a perfect example of "shotgun" pleading . . . in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.  Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as [the plaintiff's] is not expected to frame a responsive pleading.  Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.  Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.  Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses."

Id. at 366-67 (citations omitted) (footnotes omitted); see also Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996); Fikes v. City of Daphne, 79 F.3d 1079, 1082-83 (11th Cir. 1996); Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1567 (11th Cir. 1995); Pelletier v. Zweifel, 921 F.2d 1465, 1517-18 (11th Cir.), cert. denied, 502 U.S. 855 (1991).

Defendant Geneva County Commission seeks a more definite statement of claims from Plaintiff in order to be able to reasonably respond.  The purpose of requiring a more definite statement is to enable defendants to respond, focus the scope of discovery, and to preserve judicial economy.  See Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).  The Complaint filed by Plaintiff does not accomplish any of these purposes and instead sets out a conclusory jumble of statements with few, if any, specific allegations against the Defendant.  This mere set of vague conclusions, reminiscent of a shotgun pleading, is not sufficient to give Defendant notice as to the specific claims against it.  In civil rights actions, courts have recognized that more than mere conclusory notice pleading is required.  In these actions, it has been held that a

complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. See, e.g., Burnett v. Short, 441 F.2d 405 (5th Cir. 1971); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).[5]

In the present case, the Plaintiff has merely made vague and conclusory allegations against the Geneva County Commission, requiring Defendant to move for a more definite statement in order to be able to respond to Plaintiff's claims.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Geneva County Commission moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, requests this Court require Plaintiffs to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and grant unto it costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted this the 6th day of April, 2006.

> **s/C. Richard Hill, Jr.**
> KENDRICK E. WEBB – Bar No. WEB022
> C. RICHARD HILL, JR. – Bar No. HIL045
> Attorneys for Defendant Geneva County Commission
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  rhill@webbeley.com

---

[5] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (decisions handed down before close of business September 30, 1981 binding precedent on Eleventh Circuit).

## CERTIFICATE OF SERVICE

      I hereby certify that on **April 6, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Joseph Earl Sawyer, Jr., Esq.**

                                                 **s/C. Richard Hill, Jr.**
                                                 OF COUNSEL