UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS RUDD, | ) |
|    Plaintiff, | ) |
| vs. | )    CASE NO. 1:06-CV-233 |
| GENEVA COUNTY COMMISSION, et al., | ) |
|    Defendants. | ) |

**PLAINTIFF'S RESPONSE BRIEF TO
DEFENDANT GENEVA COUNTY COMMISSION'S MOTION TO DISMISS/
ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Plaintiff Dennis Rudd and submits this response brief to Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definite Statement, and as grounds would show as follows:

I. **COUNTS I AND II DO STATE THE CAUSE OF ACTION AGAINST THE GENEVA COUNTY COMMISSION.**

Counts I and II of this matter make a claim for relief based on negligence, and it is a cause of action that the Geneva County Commission can be held liable for. "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While Count I does not use the word negligence, it does set forth the elements and facts to support a claim for relief. Count I sets for the relationship between the County Commission and the Plaintiff. Plaintiff was an inmate in the Geneva County Jail, a facility provided and <u>funded</u> by the Geneva County Commission (emphasis added). The

complaint states that the County and Geneva County Sheriff, Greg Ward, knew that Plaintiff had a Staph infection. Because of the relationship between Plaintiff and Defendant and because Defendant knew of Plaintiff's medical condition, Defendant owed Plaintiff a duty to maintain a safe and adequate jail. When Defendant failed to remove Plaintiff from the cellblock after he contracted the Staph infection, he was assaulted. Therefore, the Defendant breached its duty to maintain a safe and adequate jail, and Plaintiff's injuries were the direct result of Defendant's breach.

The Geneva County Commission is directly responsible for providing and maintaining a safe and adequate facility. The County Commission is responsible for erecting and maintaining jails and is required to maintain a jail of sufficient size and strength to ensure security. Ala.Code §§11-14-10, 11-14-13. Furthermore, the Geneva County Commission is responsible for funding which ensures that the jail is safe, sanitary, and provides for the basic needs of its inmates. Therefore, because there are facts that would support a claim for relief, it should not be dismissed.

## II.    ALL OF PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE NOT DUE TO BE DISMISSED.

Plaintiff's Fourteenth Amendment claim is not due to be dismissed. Defendant cites Marsh v. Butler County, Alabama for the proposition that the Fourteenth Amendment is not applicable to persons incarcerated. See 268 F.3d 1014 (11th Cir. 2001). Marsh deals only with the right of an inmate to medical care. See generally id. Furthermore, the Marsh specifically tells us that it is not going to differentiate between the Eighth and the Fourteenth Amendments in that case. Id. Medical care is only one of the issues in Plaintiff's case. Just because Plaintiff is incarcerated does not mean that he has no rights. Even though incarcerated, Plaintiff is entitled to due process and equal protection under the law–the protections of the Fourteenth Amendment.

Even if some or all of the Constitutional claims specifically discussed by Defendant were to be dismissed, Defendant does not assert that Plaintiff's Eighth Amendment claim should be

dismissed.  Therefore, at the very least, Plaintiff's Eighth Amendment claim should move forward.

III.     **JUSTICE REQUIRES THAT PLAINTIFF'S INJUNCTIVE RELIEF NOT BE DISMISSED AT THIS JUNCTURE.**

The injunctive relief requested by Plaintiff should not be considered moot.  Under the circumstances existing presently in the Geneva County Jail, there still is a present case or controversy that can be remedied with injunctive relief.  The overcrowding that leads to outbreak of disease and fights is ignored by the Geneva County Commission and Sheriff and will not be cured without this Honorable Court's intervention.  While Defendant states that it is generally the rule that an inmate's transfer or release from prison moots an individual's claim for injunctive relief, generally does not preclude exceptions.  There is an exception to the general rule when the mootness was created to avoid jurisdiction.  See McKinnon v. Talladega, 745 F.2d 1360, (11th Cir. 1984).

Plaintiff did not chose to leave the Geneva County Jail.  In Plaintiff's Complaint, he states that he was detained in the Geneva County Jail while serving a sentence for prior convictions.  He was an inmate that should have been serving that sentence in an Alabama State Prison.  However, due to the well-known overcrowding of our state prisons, many state inmates are forced to stay in county jails until the state has room for them in the state facilities or until the county forces the state to pick up the "troublemakers" from the county jails.  The county facilities do not complain about the presence of state inmates because the state reimburses the county for their housing.  Geneva County bore the responsibility of housing Plaintiff until the state prison could accept the responsibility.  When an inmate is hard to handle or questions the operation of the county facility, the county pushes the state to remove the inmate from their facility.  Plaintiff states in his complaint that requests were made for safer conditions and medical attention.  Defendant could have very well been the driving force behind the transfer of Plaintiff so that he could avoid any future sanctions that might be required from a suit by a

"troublemaker."

Furthermore, denying an individual injunctive relief because he is not subjected to the conditions at the present moment denies justice not only for the individual but also for society. Plaintiff is in a state facility and as long is he is there, fate, overcrowding, or appearances in court in Geneva County may place him back in the unsafe, overcrowded Geneva County Jail. Damage from Defendant's policy of ignoring safety issues does not end with Plaintiff. This mismanagement hurts other inmates, employees, citizens of Geneva County, and citizens of the State of Alabama. Just because the residents of this facility are inmates does not mean that they are not human and are no entitled to a residence free of disease and abuse. Additionally, the disease and abuse could one day injure and employee or visitor. The mismanagement if not stopped by this Honorable Court will continue to endanger inmates, employees, and visitors but will also tarnish the reputation of Geneva County and the State of Alabama.

If Plaintiff's plea for injunctive relief if dismissed, the future violation of civil, constitutional, and human rights in this jail and in other facilities may never be addressed. What is to prevent a facility from transferring or releasing an individual that questions the safety and management of a facility? The quick fix of finding a new home for the "troublemaker" will never permanently rid the facility of complaints. How is judicial economy and more importantly justice ever served if courts will not fix the inadequacies of the facilities. Without injunctive relief, the county officials will never be forced to cure the problems that exist because of their policies. Therefore, this Honorable Court should not preclude injunctive relief at this time until the Plaintiff has had an opportunity through discovery to explore why Plaintiff was transferred and Defendant Geneva County Commission's role in the transfer.

IV. **THE GENEVA COUNTY COMMISSION AND THE GENEVA COUNTY SHERIFF WORK IN PARTNERSHIP TO APPROPRIATE ADEQUATE FUNDS FOR THE MAINTENANCE AND OPERATION OF AN ADEQUATE AND SAFE JAIL.**

The Geneva County Commission has responsibility for the funding of a safe and

adequate jail and maintaining that jail, and because of this responsibility is liable to the Plaintiff for its part in failure to provide this environment. Sheriff Ward and the Geneva County Commission are the policymakers when it comes to the funding of a safe and adequate county jail not the State of Alabama.  Alabama Code §36-22-18 provides:

> " The county commission shall also furnish the sheriff with the necessary quarters, books, stationery, office equipment, supplies, postage and other conveniences and equipment, including automobiles and necessary repairs, maintenance and all expenses incidental thereto, as are reasonably needed for the proper and efficient conduct of the affairs of the sheriff's office."

Furthermore, it is to be a priority of the county commission to appropriate enough more for the jail to cover the expense of necessities such as bedding, clothing, electricity, and sanitation. Ala.Code §§ 11-12-15(a)(1) and 11-14-20.   The county commissions in Alabama have the authority to deny funds to the sheriffs for their operations, but they must also provide the sheriffs with a reasonable budget. See Etowah County Comm'n v. Hayes, 569 So. 2d 397, 399 (Ala. 1990).   Knowing that it is the county commission that provides the funding, it is up to the county sheriff to keep the county commission up-to-date on what is needed as far as facilities, equipment, and personnel.  Proper funding is a key to providing and maintaining an adequate and safe jail, and the sheriff and county not the State of Alabama make the critical policy decisions with regard to maintenance of the jail and equipment, and the funding for this.  Therefore, Sheriff Ward and the Geneva County Commission do make the policies in regards to maintenance of the jail and the necessary funding for the maintenance of a safe and adequate jail.

Because the Geneva County Commission has responsibility for the jail through its duty to provide an adequate facility and maintain that facility and through its duty to provide adequate funding, then Plaintiff is not relying on the theory of *respondeat superior* for holding the commission liable.  Plaintiff alleges in his complaint that the Geneva County Jail is overcrowded.  The county commission is responsible for erecting and maintaining jails and is required to maintain a jail of sufficient size and strength to ensure security. Ala.Code §§ 11-14-10, 11-14-13.  An Alabama state court has held that failure to maintain an adequate and safe

county jail makes the county directly liable. Keeton v. Fayette Cty., 558 So.2d 884, 886 (Ala. 1990). Furthermore, a federal court has speculated that an Alabama county has responsible for the provision and maintenance of an adequate and safe jail. See Marsh, 268 F.3d 1014, 1024 (11th Cir 2001) (en banc) ("Under Alabama law, a county might be liable when the physical conditions of the jail have deteriorated and pose a serious threat to the safety of inmates and when those conditions have caused the injury to the inmates.") The Geneva County Commission has failed to build a larger facility. Overcrowding leads to fights in the jail, and only aids in the spread of disease. Failure to provide and maintain a adequately sized facility poses a serious threat of safety to inmates. Therefore, the Geneva County Commission is liable to Plaintiff and should not be dismissed.

V.   **PLAINTIFF HAS ALLEGED THAT THE GENEVA COUNTY COMMISSION HAS A POLICY THAT CAUSED THE §1983 VIOLATION.**

Plaintiff has met the threshold for imposing liability to the Geneva County Commission under §1983. First, Plaintiff has alleged that his constitutional rights were violated. Secondly, Plaintiff has alleged that there is custom or policy. Plaintiff makes those allegations in Paragraphs 10 and 19 of Plaintiff's Complaint. Furthermore, Plaintiff alleges in his Complaint that those customs and policies are the reason for his injuries.

Defendant is dismissing Plaintiff's allegations based on Defendant's belief that the sheriff and county are not policymakers for the jail. However, as Plaintiff argued previously (See V. infra.), the sheriff and the county do make the policies in regard to providing an adequate and safe jail, maintaining that jail, and appropriating funding for the provision and maintenance of a jail. Since the Defendant can be a policymaker and the Plaintiff has made the allegations that injury occurred because of Defendant's policies, then Plaintiff should be allowed to move forward and prove his allegations.

VI.  **A MORE DEFINITE STATEMENT IS NOT NEEDED.**

The complaint sets forth "a short and plain statement of the grounds upon which the

court's jurisdiction depends, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks" as required by Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8 does not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is `a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47.  The Complaint in this matter is not vague as to the facts and as to the actions that rise to negligence and the violation of Plaintiff's civil and constitutional rights.  Defendant's counsel seems to understand Plaintiff's claims in Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definitive Statement and brief in support of that motion. (See Motion, ¶1-3).  Defendant claims that Plaintiff's complaint is a "shotgun pleading." Defendant is alleging that Plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. Of Tr. of Cent. Fla. Community College, 77 F.3d 364 (11th Cir. 1996).  In the complaint at issue, Plaintiff may recount factual allegations but the factual allegations apply to all of the claims for relief.  Case law referencing the "shotgun pleading" refers to convoluted complaints with many counts and numerous paragraphs.  See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293 (11th Cir. 2002) (where the third amended complaint contained 127 paragraphs and nine counts with each count incorporating previous paragraphs by reference (emphasis added)); Anderson, 77 F.3d 364 (where the complaint contained over 61 paragraphs and six counts with the counts incorporating previous paragraphs by reference). Therefore, a more definite statement is not needed by Plaintiff.

Dated this _____ day of June, 2006.

/s/
J. E. Sawyer, Jr. ASB-6566-S58J
Attorney for Plaintiff
203 South Edwards Street
Enterprise, AL 36330
Telephone:    334/347-6447
Facsimile:     334/347-8217
jesawyer@adelphia.net

### *CERTIFICATE OF SERVICE*

I certify that I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system which will send notification of said filing to the following: Mr. C. Richard Hill, Jr., Esquire and Mr. Kendrick E. Webb, Esquire.

/s/
J. E. Sawyer, Jr.