UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS RUDD, | ) |
|    Plaintiff, | ) |
| vs. | )    CASE NO. 1:06-CV-233 |
| GENEVA COUNTY COMMISSION, et al., | ) |
|    Defendants. | ) |

**PLAINTIFF'S RESPONSE BRIEF TO
DEFENDANT SHERIFF GREG WARD'S MOTION TO DISMISS/
ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Plaintiff Dennis Rudd and submits this response brief to Defendant Greg Ward's Motion to Dismiss/Alternative Motion for More Definite Statement.

I. **DEFENDANT SHERIFF WARD IS NOT ENTITLED TO ELEVENTH AMENDMENT IMMUNITY AND IS A "PERSON" FOR PURPOSES OF 42 U.S.C. §§ 1983 AND 1985.**

Defendant Ward believes and argues that he is entitled to Eleventh Amendment immunity and that he is not a "person" under 42 U.S.C. §1983 but he believes instead that he is a state official. Plaintiff asserts that while Defendant Ward may be a state official in the area of law enforcement, he is not a state official in the area of providing for and maintaining the county jail. In asserting that he is a state official, Defendant relies on McMillian v. Monroe County, 520 U.S. 781 (1997), which held that an Alabama sheriff represents the State of Alabama in the area of law enforcement (emphasis added). The McMillian Court discusses how it was not categorizing the Alabama sheriff as a state official in all areas. Id. The Court specifically finds that there must be analysis as to whether governmental officials are final policymakers for the local

government in a particular area. See Jett v. Dallas Independent School Dist., 491 U. S. 701, 737 (1989) (court must identify "those officials who have the power to make official policy on a particular issue" (emphasis added)); Id., at 738 (question is whether school district superintendent "possessed final policymaking authority in the area of employee transfers" (emphasis added)). The McMillian Court was examining a violation stemming from evidentiary issues (see McMillian, 520 U.S. 781); however, in this case, Plaintiff's claims do not stem from the law enforcement activities. Plaintiff's claims fall in the realm of providing and maintaining an adequate and safe jail and appropriating funding for the adequate and safe operation of the county jail. Plaintiff asserts that there was overcrowding and that there were not adequate supervision, facilities, and medical attention. All of these factors are dependent upon funding. Therefore, the question is whether Sheriff Ward represents the State when he fails to use his position to provide and maintain a safe environment for inmates.

Sheriff Ward and the Geneva County Commission are the policymakers in these areas not the State of Alabama. Alabama Code §36-22-18 provides:

> " The county commission shall also furnish the sheriff with the necessary quarters, books, stationery, office equipment, supplies, postage and other conveniences and equipment, including automobiles and necessary repairs, maintenance and all expenses incidental thereto, as are reasonably needed for the proper and efficient conduct of the affairs of the sheriff's office."

Furthermore, Alabama Code §11-12-15(a) sets forth items that county commissions should give funding priority, and the first subsection requires the county commission to give priority to keeping the county jail sanitary. The sheriff is under a duty according to Alabama Code §11-14-21 to provide necessities such as sanitary facilities, clothing, bedding, and drinking water as far as the county's appropriation of funds allows. It is therefore the county commission and the sheriff that bears the responsibility of maintaining a safe and sanitary jail. The McMillian Court concedes that this influence over funding does give the counties control of the sheriffs' operations. Id. The County Commissions in Alabama do have the authority to deny funds to the sheriffs for their operations, but they must also provide the sheriffs with a reasonable budget. See

Etowah County Comm'n v. Hayes, 569 So. 2d 397, 399 (Ala. 1990).   Knowing that it is the county commission that provides the funding, it is up to the county sheriff to keep the county commission up-to-date on what is needed as far as facilities, equipment, and personnel.  Sheriff Ward knows that it is the county that provides the resources for the operation of the sheriff's department and jail.  When he was a deputy, he sued the Geneva County Commission for withholding his overtime pay.  Tice v. Geneva County Commission, 578 So.2d 1070, 1071.  He knew then and he knows now that the county sets operational budgets.  Proper funding is a key to providing and maintaining an adequate and safe jail, and the sheriff and county not the State of Alabama make the critical policy decisions with regard to providing for a jail and its equipment and with regard to the funding for this.  Therefore, Sheriff Ward and the Geneva County Commission are the policymakers in this regard.

If Sheriff Ward and the Geneva County Commission are the policymakers in the area of jail provision and maintenance, then Sheriff Ward is a county official in this suit.  As stated earlier, the McMillian holding that an Alabama sheriff is a state official is limited to the area of law enforcement.  This suit does not involve law enforcement.  It involves the failure of the county and sheriff to provide an adequate and safe jail, to maintain that jail, and to appropriate funding for the safety and maintenance of the Geneva County jail.   County officials are not afforded the protection of the Eleventh Amendment.  Furthermore, the county official has not been held to be exempt from the definition of a "person" under §1983.  Therefore, Sheriff Ward is a "person" under §1983 and §1985 and the claims against him are not due to be dismissed.

II.     **JUSTICE REQUIRES THAT PLAINTIFF'S INJUNCTIVE RELIEF NOT BE DISMISSED AT THIS JUNCTURE.**

The injunctive relief requested by Plaintiff should not be considered moot.  Under the circumstances existing presently in the Geneva County Jail, there still is a present case or controversy that can be remedied with injunctive relief.  The overcrowding that leads to outbreak of disease and fights is ignored by the Geneva County Commission and Sheriff and will not be

cured without this Honorable Court's intervention. While Defendant states that it is generally the rule that an inmate's transfer or release from prison moots an individual's claim for injunctive relief, generally does not preclude exceptions. There is an exception to the general rule when the mootness was created to avoid jurisdiction. See McKinnon v. Talladega, 745 F.2d 1360 (11th Cir. 1984).

Plaintiff did not chose to leave the Geneva County Jail. In Plaintiff's Complaint, he states that he was detained in the Geneva County Jail while serving a sentence for prior convictions. He was an inmate that should have been serving that sentence in an Alabama State Prison. However, due to the well-known overcrowding of our state prisons, many state inmates are forced to stay in county jails until the state has room for them in the state facilities or until the county forces the state to pick up the "troublemakers" from the county jails. The county facilities do not complain about the presence of state inmates because the state reimburses the county for their housing. Geneva County bore the responsibility of housing Plaintiff until the state prison could accept the responsibility. When an inmate is hard to handle or questions the operation of the county facility, the county pushes the state to remove the inmate from their facility. Plaintiff states in his complaint that requests were made for safer conditions and medical attention. Defendant could have very well been the driving force behind the transfer of Plaintiff so that he could avoid any future sanctions that might be required from a suit by a "troublemaker."

Furthermore, denying an individual injunctive relief because he is not subjected to the conditions at the present moment denies justice not only for the individual but also for society. Plaintiff is in a state facility and as long is he is there, fate, overcrowding, or appearances in court in Geneva County may place him back in the unsafe, overcrowded Geneva County Jail. Damage from Defendant's policy of ignoring safety issues does not end with Plaintiff. This mismanagement hurts other inmates, employees, citizens of Geneva County, and citizens of the State of Alabama. Just because the residents of this facility are inmates does not mean that they are not human and are no entitled to a residence free of disease and abuse. Additionally, the

disease and abuse could one day injure and employee or visitor. The mismanagement if not stopped by this Honorable Court will continue to endanger inmates, employees, and visitors but will also tarnish the reputation of Geneva County and the State of Alabama.

If Plaintiff's plea for injunctive relief if dismissed, the future violation of civil, constitutional, and human rights in this jail and in other facilities may never be addressed. What is to prevent a facility from transferring or releasing an individual that questions the safety and management of a facility? The quick fix of finding a new home for the "troublemaker" will never permanently rid the facility of complaints. How is judicial economy and more importantly justice ever served if courts will not fix the inadequacies of the facilities. Without injunctive relief, the county officials will never be forced to cure the problems that exist because of their policies. Therefore, this Honorable Court should not preclude injunctive relief at this time until the Plaintiff has had an opportunity through discovery to explore why Plaintiff was transferred.

### III.    A MORE DEFINITE STATEMENT IS NOT NEEDED.

The complaint sets forth "a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks" as required by Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8 does not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is `a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Complaint in this matter is not vague as to the facts and as to the actions that rise to negligence and the violation of Plaintiff's civil and constitutional rights. Defendant's counsel, who also represents the Geneva County Commission, seems to understand Plaintiff's claims in Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definitive Statement and brief in support of that motion. (See Motion, ¶1-3). Defendant claims that Plaintiff's complaint is a "shotgun pleading." Defendant is alleging that Plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to

support which claim(s) for relief." <u>Anderson v. Dist. Bd. Of Tr. of Cent. Fla. Community College</u>, 77 F.3d 364 (11th Cir. 1996). In the complaint at issue, Plaintiff may recount factual allegations but the factual allegations apply to all of the claims for relief. Case law referencing the "shotgun pleading" refers to convoluted complaints with many counts and numerous paragraphs. See <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293 (11th Cir. 2002) (where the <u>third</u> amended complaint contained <u>127</u> paragraphs and <u>nine</u> counts with each count incorporating previous paragraphs by reference (emphasis added)); <u>Anderson</u>, 77 F.3d 364 (where the complaint contained over <u>61</u> paragraphs and <u>six</u> counts with the counts incorporating previous paragraphs by reference). Therefore, a more definite statement is not needed by Plaintiff.

    WHEREFORE, Plaintiff prays that this Honorable Court will deny Defendant's Motion to Dismiss and for such other and further relief as this Court deems just and proper in the premises.

    Dated this ____ day of June, 2006.

/s/
J. E. Sawyer, Jr. ASB-6566-S58J
Attorney for Plaintiff
203 South Edwards Street
Enterprise, AL 36330
Telephone:   334/347-6447
Facsimile:    334/347-8217
jesawyer@adelphia.net

### CERTIFICATE OF SERVICE

I certify that I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system which will send notification of said filing to the following: Mr. C. Richard Hill, Jr., Esquire and Mr. Kendrick E. Webb, Esquire.

/s/
J. E. Sawyer, Jr.