**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DENNIS RUDD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.  1:06-cv-233-WKW-CSC** |
| | ) |
| **GENEVA COUNTY COMMISSION** | ) |
| **and SHERIFF GREG WARD,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT GENEVA COUNTY COMMISSION'S REPLY TO
THE PLAINTIFF'S OPPOSITION TO THIS DEFENDANT'S
MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

COMES NOW Geneva County Commission, a Defendant in the above-styled action, and submits this Reply to the Plaintiff's Opposition to this Defendant's Motion to Dismiss/Alternative Motion for More Definite Statement.

**INTRODUCTION**

In Defendant Geneva County Commission's (hereinafter "Commission") Motion to Dismiss the Plaintiff's Complaint and Brief in support of same, filed April 6, 2006, the Commission presented legal authority and arguments showing that the Plaintiff's Complaint was due to be dismissed.  First, the Commission asserted that Count One of the Complaint is due to be dismissed as it fails to state a cause of action against the Defendants.  Second, the Commission argued that since 42 U.S.C. § 1983 is not an independent source of substantive rights, Plaintiff's allegations in Count Two are due to be dismissed.  Next, the Commission contended that Plaintiff's constitutional claims are due to be dismissed for failure to state a claim upon which relief can be granted.  Fourth, the Commission demonstrated why the Plaintiff's

claims for equitable relief are moot and, therefore, due to be denied. Fifth, the Commission explained that, as a matter of federal law, it has no authority over the Geneva County Sheriff, the Sheriff's employees or the operation of the Geneva County Jail; as a result, the Commission cannot be held liable for policies or conduct of the Sheriff, his employees or operation of the jail.

Sixth, the Commission pointed out that the Plaintiff has failed to allege that any policy of the Commission was the moving force behind the alleged violation. Finally, the Commission requested that the Plaintiff alternatively be required to submit a more definite statement of claims so that it could reasonably respond. The Plaintiff was originally ordered to respond to the Commission's Motion to Dismiss/Alternative Motion for More Definite Statement by April 27, 2006; however, on May 10, 2006, the Plaintiff filed a Motion for Extension of Time to File a Response. On June 16, 2006, this Court permitted the Plaintiff ten days in which to file a Response to the Commission's Motion to Dismiss/Alternative Motion for More Definite Statement. Subsequently, on June 26, 2006, the Plaintiff filed a Response Brief to the Commission's Motion to Dismiss/Alternative Motion for More Definite Statement.

## **ARGUMENT**

### I.    THE PLAINTIFF CANNOT MAINTAIN A CIVIL RIGHTS ACTION FOR NEGLIGENCE AGAINST THE GENEVA COUNTY COMMISSION.

In his Response Brief, Plaintiff insists that Counts I and II "make a claim for relief based on negligence, and it is a cause of action that the Geneva County Commission can be held liable for [sic]." Plaintiff's Response Brief to Geneva County Commission, p.1. This assertion is incorrect for two reasons. First, an allegation of mere negligence will not support a constitutional violation claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property."); Farmer v. Brennan, 511 U.S.

825, 835 (1994) ("deliberate indifference [required to make out an Eighth Amendment violation] describes a state of mind more blameworthy than negligence."); Newsome v. Lee County, 431 F. Supp. 2d 1189, 1206 (M.D. Ala. 2006) quoting Turquitt v. Jefferson County, 137 F.3d 1285, 1290-91 (11th Cir. 1998) ("a county may be found to have violated a pretrial detainee's Fourteenth Amendment rights only if 'its failure to maintain the Jail constituted deliberate indifference to a substantial risk of serious harm to the [detainee]'.").[1]

The Plaintiff attempts to plead facts sufficient to satisfy the common-law elements of negligence: duty, breach, causation and injury. "Negligence" has been interpreted as "'the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances'." Prickett v. United States, 111 F. Supp. 2d 1191, 1195 (M.D. Ala. 2000) quoting Alabama Pattern Jury Instructions, Civil 28.01 (1993). When compared to "deliberate indifference," the standard for negligence imposes a much lower hurdle for a Plaintiff to clear. See Farmer, 511 U.S. at 835 quoting Whitley v. Albers, 475 U.S. 312, 319 (1986) ("Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety'."). Since at least 1994, to establish an Eighth Amendment violation it has been clear that a Plaintiff must demonstrate that a Defendant Official was deliberately indifferent – not merely *negligent* – to a substantial risk of harm to an inmate. Here, the Plaintiff admits that he seeks only to prove negligence; therefore, the Plaintiff's pleading falls well short of satisfying the more stringent deliberate indifference standard and, as such, fails to state a claim upon which relief can be granted as a matter of law. See Salas v. Tillman, 162 Fed.

---

[1] In the event this Court finds it possible to construe any part of Count I or Count II of the Complaint as presenting allegations regarding medical care, see DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199 n.5 (1989) citing Estelle v. Gamble, 429 U.S. 97, 105-106 (1976) ("the mere negligent or inadvertent failure to provide adequate care is not enough.").

Appx. 918, 922 (11th Cir. 2006) (affirming District Court's dismissal for failure to state a claim where, "at best, [plaintiff's] allegations against these defendants averred negligence"); Vinson v. Clarke County, Alabama, 10 F. Supp. 2d 1282, 1303 (S.D. Ala. 1998) ("it is not possible for an Alabama County to act negligently or wantonly in regard to the oversight of inmates in the jail.").

Second, assuming, *arguendo*, that the Plaintiff intended to bring a cause of action for negligence against the Commission under *state law*, such an attempt must nevertheless fail as he did not invoke the supplemental jurisdiction of this Court in his Complaint or his Response Brief. Therefore, this Court lacks jurisdiction to entertain a state law cause of action against the Commission for negligence.   For these reasons, Count One of the Complaint should be dismissed.

## II.    COUNT II OF THE COMPLAINT IS DUE TO BE DISMISSED AS 42 U.S.C. § 1983 IS NOT A SOURCE OF SUBSTANTIVE RIGHTS.

In its Motion to Dismiss/Alternative Motion for More Definite Statement, the Commission argued that Count II of Plaintiff's Complaint should be dismissed because 42 U.S.C. § 1983 does not create substantive rights of which a person may be deprived.   See Memorandum Brief in Support of Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definite Statement, p.2; Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996) citing Albright v. Oliver, 510 U.S. 266, 271 (1994) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)) ("Section 1983 is no source of substantive federal rights….Instead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right").  One can hardly imagine more straightforward authority warranting the dismissal of Count II of Plaintiff's Complaint than the statement of Justice Stevens in Chapman v. Houston

Welfare Rights Organization: "one cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything." Chapman, 441 U.S. 600, 617 (1979).

In Count II of the Complaint, the Plaintiff has done precisely what the Chapman Court said a person cannot do. Paragraph eleven of the Complaint alleges that "Defendant's said actions violated 42 U.S.C. § 1983." Complaint at ¶ 11. Nowhere in Count II does the Plaintiff identify "a specific federal right" allegedly violated by Sheriff Ward or the Commission. Whiting, 85 F.3d at 583 (citations omitted). The Plaintiff instead refers vaguely to Defendants' deprivation of "legal rights guaranteed to him by the Constitution and Laws of the United States." Complaint at ¶ 9. Because § 1983 is not a source of substantive rights and because the Plaintiff fails to identify the "specific federal right" allegedly violated by the Defendants, Count II of his Complaint is due to be dismissed.

Furthermore, Count II's allegations are conclusory and vague. Even if Count II is not dismissed for the forgoing reasons, its assertions are so oblique that Defendants cannot reasonably be expected to discern what, if any, federal right the Plaintiff is attempting to implicate through his pleading. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth ""'a short and plain statement of the claim' that will give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests'.") (emphasis added). Given the imprecise language in paragraphs nine through eleven of the Complaint, the Commission cannot be said to have "fair notice" of the Plaintiff's claim in Count II and the grounds upon which it rests.

THE FEDERAL RULES OF CIVIL PROCEDURE do not demand "a claimant to set out in detail the facts upon which he bases his claim"; however, a Defendant should not be forced to

hypothesize as to the exact nature of the allegations against him and which right from among the constitutional (and state-law) quiver of rights the Plaintiff is asserting.  See McReynolds ex rel. D.M. v. Alabama Dep't of Youth Services, 426 F. Supp. 2d 1247, 1258-59 (M.D. Ala. 2006) (dismissing claims described as "vague assertions and accusations" because, "[i]n many areas of the complaint, the Plaintiff merely assert[ed] that 'constitutionally protected rights' were violated by the Defendants' actions."); see also South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss).  Because Count II alleges the deprivation of amorphous legal rights of the Plaintiff, it is insufficient according to THE FEDERAL RULES OF CIVIL PROCEDURE and is due to be dismissed.

### III.    ALL OF PLAINTIFF'S CONSTITUTIONAL CLAIMS – INCLUDING THOSE ARISING UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS – ARE    DUE TO BE DISMISSED.

In his Response Brief, the Plaintiff failed to respond to Defendant Geneva County Commission's arguments regarding the propriety of dismissal of his attempts to state a claim under the Fourth, Fifth and Seventeenth Amendments.  Consequently, Defendant Geneva County Commission requests this Court declare such attempts to state a claim abandoned by the Plaintiff.  See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994) (The District Court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment."); Drakeford v. Alabama Co-op. Extension System, 416 F. Supp. 2d 1286, 1313 (M.D. Ala. 2006) (finding that plaintiff abandoned claim where he "failed to address it at all in his reply brief"); O'Gwynn v. City of Foley, 2002 WL 32993824, at *3 n.6 (slip op.) (S.D. Ala. 2002) (presuming plaintiff abandoned potential claim where he did not address it in his summary judgment response).  The

Plaintiff did, however, argue in response that his attempt to state a claim under the Eighth and Fourteenth Amendments should not be dismissed. Nonetheless, the Plaintiff's response is not adequate to overcome Defendant Geneva County Commission's sound arguments for dismissal. As a result, all of Plaintiff's attempts to state a constitutional claim are due to be dismissed.

### A.    The Plaintiff fails to state a claim under the Fourteenth Amendment upon which relief can be granted.

Contrary to the Plaintiff's assertion, neither the Commission nor Sheriff Ward cited Marsh v. Butler County, Ala., 268 F.3d 1014 (11th Cir. 2001) (en banc) "for the proposition that the Fourteenth Amendment is not applicable to persons incarcerated." Plaintiff's Response Brief to Geneva County Commission, p.2.[2] Far from suggesting that the Fourteenth Amendment "is not applicable to persons incarcerated," the Memorandum Brief of Defendant Geneva County Commission simply "note[d] that the Plaintiff was convicted at the time of his allegations, and therefore, his claims fall under the Eighth Amendment, not the Fourteenth," and cited Marsh v. Butler County, Ala., supra, in support. Memorandum Brief in Support of Defendant Geneva County Commission's Motion to Dismiss, p.3-4.

This premise is well-established in constitutional jurisprudence and finds support not only in Marsh v. Butler County, Ala., 268 F.3d at 1024 n.5, but in numerous other federal decisions as well. See, e.g., Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."); Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977) ("the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); Cottrell v. Caldwell, 85

---

[2] It is worth noting that Marsh, 268 F.3d 1014, represents much more than "the right of an inmate to medical care." Plaintiff's Response Brief, p.2.

F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners."); Hamm v. DeKalb County, Ga., 774 F.2d 1567, 1572 (11th Cir. 1985) ("The eighth amendment…applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime….Conditions of confinement imposed prior to conviction are limited instead by the due process clause of the fourteenth amendment.").

Defendant Geneva County Commission agrees that Plaintiff's incarceration does not "mean that he has no rights," Plaintiff's Response Brief to Geneva County Commission, p.2; however, it is a "familiar proposition" that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." Pell v. Procunier, 417 U.S. 817, 822 (1974) quoting Price v. Johnston, 334 U.S. 266, 285 (1948); see also Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) quoting Hewitt v. Helms, 459 U.S. 460, 467 (1983) ("'incarcerated persons retain only a narrow range of protected liberty interests'."). Perhaps most detrimental to the Plaintiff's attempt to state a claim under the Fourteenth Amendment is his failure to articulate the "liberty interest" of which he was allegedly deprived by the Commission and how such alleged deprivation occurred. See Complaint at ¶ 22. A close reading of the Complaint reveals that Plaintiff apparently intended to allege that as a result of "defendant(s)," who "permitted the assault on Plaintiff to occur[,]…Plaintiff was deprived of liberty interest [sic] protected under the 5th, 8th, and 14th Amendments to the federal constitution." Complaint at ¶ 22.

Paragraph 23, despite its efforts to do so, does not clarify the allegations of the preceding paragraph. Paragraph 23 states:

Defendant(s) knowing of the overcrowding at the jail and having the power to correct these conditions acted with gross negligence in doing so, and violated the Plaintiff's constitutional right to due process and expand [sic] protection and the Plaintiff's right against cruel and unusual punishment in maintaining said jail in its condition.

Complaint at ¶ 23.  The United States Supreme Court recognized twenty years ago that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  Daniels, 474 U.S. at 328; see also Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").  "*Gross* negligence" does not alter the analysis.  (emphasis added).

The Plaintiff's Response Brief provides no clarification with respect to his attempt to state a Fourteenth Amendment claim.  He does not elaborate on the allegations in his Complaint or supply additional details.  Instead, he insists that "[e]ven though incarcerated, Plaintiff is entitled to due process and equal protection under the law – the protections of the Fourteenth Amendment."  Plaintiff's Response Brief, p.2.  This portion of his Response Brief should have been dedicated to identifying the "liberty interest protected under the 5th, 8th, and 14th Amendments" of which the Plaintiff was supposedly deprived and the acts or omissions of the Commission that allegedly "violated the Plaintiff's constitutional right to due process and expand [sic] protection."  Complaint at ¶¶ 22, 23.  Since the Plaintiff has failed to state a claim under the Fourteenth Amendment, his allegations with respect thereto are due to be dismissed.

### B. The Plaintiff fails to state a claim under the Eighth Amendment upon which relief can be granted.

Like his other attempts to state a constitutional claim, Plaintiff's effort to state a claim for violation of his Eighth Amendment right must also fail.  As alluded to above, the only express references to the Eighth Amendment or the protection it affords appear in paragraphs 22 and 23

of the Complaint. <u>See</u> Complaint at ¶ 22 ("Plaintiff was deprived of liberty interest [sic] protected under the 5[th], 8th, and 14th Amendments to the federal constitution") and ¶ 23 ("violated…the Plaintiff's right against cruel and unusual punishment in maintaining said jail in its condition."). As far as counsel is aware, the Eighth Amendment has never been interpreted as giving rise to a liberty interest of any sort. The Eighth Amendment should be viewed as guarding against the infringement of a certain right rather than as the origin of affirmative rights. <u>Compare</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976) ("It suffices to note that the primary concern of the drafters was to proscribe 'torture(s)' and other 'barbar(ous)' methods of punishment.") <u>with</u> <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983) <u>citing</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 223-227 (1976) ("Liberty interests protected by the Fourteenth Amendment may arise from two sources – the Due Process Clause itself and the laws of the States."). As a result, Plaintiff's assertion that he was deprived of a liberty interest protected under the Eighth Amendment is due to be dismissed for failure to state a claim upon which relief can be granted.

The Plaintiff's allegation in paragraph 23 that his right against cruel and unusual punishment was violated is likewise due to be dismissed for failure to state a claim upon which relief can be granted. In that paragraph, the Plaintiff contends that "Defendant(s) knowing of the overcrowding at the jail and having the power to correct these conditions acted with gross negligence in doing so, and violated the Plaintiff's constitutional right…against cruel and unusual punishment in maintaining said jail in its condition." Complaint at ¶ 23. To establish an Eighth Amendment violation, a plaintiff must demonstrate that a Defendant's conduct is *deliberately indifferent* to a substantial risk of serious harm to an inmate – not merely "gross negligence." <u>See</u> <u>Farmer</u>, 511 U.S. 825. Even if the Plaintiff had included the phrase "deliberate indifference to a substantial risk of serious harm" (or any sufficiently similar variation thereof) in

paragraph 23, he *still* would not have successfully stated a claim for violation of his Eighth Amendment right because he does not actually allege conduct which constitutes a violation of that right. See, e.g., Complaint at ¶ 23 ("Defendant(s) knowing of the overcrowding at the jail and having the power to correct these conditions acted with gross negligence in doing so."); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (holding that in order to state a claim under § 1983, a plaintiff must causally connect a Defendant's actions, omissions, customs, policies, or breaches of statutory duty to a deprivation of the plaintiff's constitutional or federal rights).

The Plaintiff does not even begin to causally connect the Commission's alleged actions, omissions, customs, policies, or breaches of statutory duty to a deprivation of his constitutional or federal rights. A Plaintiff is required to illustrate to the Court and the Defendant(s) exactly how the acts or omissions he sets out in his complaint resulted in the constitutional violation he alleges. The Plaintiff's illogical and haphazard recitation of purported acts and/or omissions does not suffice to state a constitutional claim. See McReynolds ex rel. D.M., 426 F. Supp. 2d at 1257 ("The Plaintiff provides only a conclusory allegation that 'Defendants Wood, Bolling, Rankins, and Coles were aware of intentions to prematurely remove [D.M.'s] stitches and acted with deliberate indifference in allowing the same to be effected'. Such an accusation by itself is plainly inadequate to establish the requisite mental state or the objective insufficiency of the treatment necessary to substantiate a constitutional violation.").

Like the Plaintiff in McReynolds ex rel. D.M., supra, the Plaintiff here provides only a conclusory allegation that Defendants were aware of overcrowding at the jail. The instant Plaintiff, however, does *not* allege that Defendants acted with deliberate indifference to a substantial risk of serious harm. Given that the Plaintiff in McReynolds ex rel. D.M. alleged that

Defendants were aware of a particular condition *and* that they acted with deliberate indifference but nevertheless had such accusations dismissed as "plainly inadequate," the allegations of the Plaintiff in this action should be dismissed as exceedingly inadequate. For the reasons discussed above, the Plaintiff fails to state a claim for violation of his Eighth Amendment right. All attempts to allege a violation of such right are therefore due to be dismissed.

>    **C.    This Defendant adopts and incorporates the arguments set out in its Memorandum Brief in Support of its Motion to Dismiss as to dismissal of the Plaintiff's attempts to state a constitutional claim.**

In its Memorandum Brief in Support of its Motion to Dismiss, the Commission advanced several arguments in support of the dismissal of Plaintiff's allegations regarding constitutional violations. To the extent any such argument is not asserted in this Reply to Plaintiff's Response to Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definite Statement, the Commission adopts and incorporates herein all such arguments regarding alleged constitutional violations or deprivations by this Defendant. Moreover, this Defendant wishes to emphasize that all of Plaintiff's efforts to state a claim for violation of his rights are due to be dismissed.

>    **IV.    THE PLAINTIFF'S ALLEGATIONS AGAINST THE GENEVA COUNTY COMMISSION WITH RESPECT TO THE SAFETY AND MAINTENANCE OF THE GENEVA COUNTY JAIL ARE DUE TO BE DISMISSED FOR FAILUE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The Plaintiff's characterization of "Sheriff Ward and the Geneva County Commission [as] the policymakers when it comes to the funding of a safe and adequate County jail" is erroneous and contradicted by precedent of the United States Supreme Court, the Eleventh Circuit Court of Appeals and Alabama appellate Courts. Plaintiff's Response Brief to Geneva County Commission, p.5. An Alabama Sheriff and an Alabama County Commission have

separate and distinct roles with respect to County jails.  Their respective roles are extremely clear following the litigation of this issue in several federal and state cases over the last fifteen years. When the principles of these cases are applied to the Plaintiff's allegations, it is apparent why the Plaintiff has failed to state a claim against the Geneva County Commission upon which relief can be granted.

In McMillian v. Monroe County, Ala., 520 U.S. 781 (1997), the question before the United States Supreme Court was whether Monroe County, Alabama "Sheriff [Tom] Tate represents the State or the County when he acts in a law enforcement capacity." McMillian, 520 U.S. at 785-86.  When considering this question, the Court relied heavily on the Constitution of Alabama, the Code of Alabama and prior decisions of the Supreme Court of Alabama and the Eleventh Circuit Court of Appeals.  After observing that Alabama statutory law grants a Sheriff numerous powers independent of the County Commission for the County in which he was elected, the Court concluded that "the county commission…has no direct control over how the Sheriff fulfills his law enforcement duty." Id. at 791.  Alabama County Commissions are not completely devoid of authority, however, as they "do appear to have the discretion to deny funds to the Sheriffs for their operations beyond what is 'reasonably necessary'….But at most, this discretion would allow the Commission to exert an attenuated and indirect influence over the Sheriff's operations." Id. at 791-92.  Ultimately, the Court answered the question presented and announced that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties." Id. at 793.

Less than one year after McMillian v. Monroe County, Ala., supra, was decided by the United States Supreme Court, the Eleventh Circuit Court of Appeals voted to review, en banc, the District Court's denial of Jefferson County, Alabama's motion to dismiss the complaint of

the estate of an inmate killed in a fight in the Jefferson County Jail.  Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Cir. 1998).  One of the two questions presented to the Court was whether an Alabama Sheriff is a County policymaker for purposes of § 1983 liability when operating a jail.  Id. at 1287.  Following a review of Alabama statutory law, the opinion in McMillian, 520 U.S. 781 and other relevant federal decisions, the Court concluded that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail."  Turquitt, 137 F.3d at 1288.

The Court then made several observations about the relationship of Alabama Sheriffs and County Commissions with regard to operation of a County jail.  For instance, the Court's "thorough analysis of the [Alabama] Code reveal[ed] that no statute authorizes counties to supervise inmates in the county jails."  The opinion also recognized that "[t]he Alabama Supreme Court has held that that § 14-6-1 demonstrates that 'the sheriff's authority over the jail is totally independent of the [county commission]'."  Id. at 1289 quoting King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993).  To be sure, Alabama counties have "some duties" concerning the jails within their borders; "[h]owever, none of these duties relates to the daily operation of the jails or to the supervision of inmates.  The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to providing facilities to house the jail'."  Turquitt, 137 F.3d at 1289 quoting Stark v. Madison County, 678 So. 2d 787, 787 (Ala. Civ. App. 1996).  "The duty to 'maintain a jail' under § 11-14-10 is merely the duty to keep the 'jail and all equipment therein in a state of repair and to preserve it from failure or decline'."  Turquitt, 137 F.3d at 1290 quoting Keeton v. Fayette County, 558 So. 2d 884, 886 (Ala. 1989).

Perhaps most important with respect to the case at bar is the Court's response to the Turquitt Plaintiff's suggestion that Alabama Sheriffs and their respective counties are "partners" in the operation of County jails.  The Court addressed that suggestion by stating:

> On the contrary, we conclude that the governing statutes impose complementary but distinct duties upon counties and sheriffs with respect to the county jails. Section § 11-14-20 places upon the County the duty to make available adequate funds, while § 11-14-21 passes the mantle of responsibility to the sheriff who must spend those funds. Far from joining the sheriff in a partnership with the County, the 'as far as the appropriation allows' language excuses the sheriff from performance of this duty if the County has not first performed its coordinate duty.

Turquitt, 137 F.3d at 1290.  Later, in its discussion of Parker v. Williams, 862 F.2d 1471 (11th Cir. 1989), the Court again acknowledges that "[t]he County cannot be liable for the harms that befall jail inmates due to improper operation of the jail or negligent supervision of its inmates because the County has no responsibility in that area."  Turquitt, 137 F.3d at 1291; see also Grech v. Clayton County, Ga., 335 F.3d 1326, 1331 (11th Cir. 2003) citing Turquitt, 137 F.3d at 1291 ("Holding counties liable in the absence of control over Sheriffs would ignore Monell's conception of counties as corporations, would substitute a conception of counties as mere units of geography, and would impose even broader liability than the respondeat superior liability rejected in Monell.").

Many of the Plaintiff's contentions in part IV of his Response Brief (i.e., "The Geneva County Commission and the Geneva County Sheriff Work in Partnership to Appropriate Adequate Funds for the Maintenance and Operation of an Adequate and Safe Jail") are completely inaccurate, as the foregoing statements of law reveal.  To the extent Plaintiff's Response Brief asserts that the Commission is involved with the Geneva County Jail more than merely "funding the operation of the jail and…providing facilities to house the jail," the Plaintiff is misinformed.  Turquitt, 137 F.3d at 1289 quoting Stark, 678 So. 2d at 787; see also McMillian,

520 U.S. at 791-92 ("The county commissions do appear to have the discretion to deny funds to the Sheriffs for their operations beyond what is 'reasonably necessary'."). Turquitt explains this proposition rather clearly: "Section § [sic] 11-14-20 places upon the County the duty to make available adequate funds, while § 11-14-21 passes the mantle of responsibility to the Sheriff who must spend those funds." Turquitt, 137 F.3d at 1290; see also Newsome, 431 F. Supp. 2d at 1209 ("counties cannot be held vicariously liable for the actions or omissions of the Sheriff or his deputies in the operation of a county jail.").

As to the Geneva County Commission, the Plaintiff's Complaint fails to state a claim upon which relief can be granted because a County Commission's responsibility with respect to a County jail is limited to funding and the Plaintiff has not alleged facts sufficient to state a claim against this Defendant. The law is clear that a local government may not be held liable where there is no policy or custom of the government entity responsible for the alleged violation. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690-91 (1978). In his Response Brief, the Plaintiff claims that he alleged in paragraphs 10 and 19 of his Complaint that a custom or policy was the source of his purported harm. Plaintiff's Response Brief to Geneva County Commission, p.6.

These allegations of a policy or custom are wholly inadequate to state a claim against the Geneva County Commission, however, because the "policy or custom" allegations describe conduct that is not the responsibility of the Commission and, therefore, cannot be used to hold that Defendant liable. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). For instance, the overly broad statement of paragraph 10 that "Defendants [sic] conduct was done under color of State law, and pursuant to an official policy of said Defendant(s), County and Sheriff" is apparently in reference to the allegations of paragraph 9. In paragraph 9, the Plaintiff

alleges that Defendants "unlawfully deprived Plaintiff of Plaintiff's legal rights…in that Defendants failed to provide a hygienic facility during Plaintiff's incarceration[,]….allowed Plaintiff to be brutally beaten and not provided proper medical attention and treatment following said assault."   Complaint at ¶ 9.   The acts or omissions alleged in paragraph 9 are *not* the responsibility of the Geneva County Commission; therefore, despite Plaintiff's insistence in paragraph 10, the alleged acts or omissions were *not* done "pursuant to an official policy" of the Commission.   See Marsh, 268 F.3d at 1026 n.6 ("under Alabama law the County is not responsible for assuring procedures are in place for inmates to get medical care.   Alabama law assigns counties a 'limited role in building and funding the jails'."); Turquitt, 137 F.3d at 1291 ("[t]he County cannot be liable for the harms that befall jail inmates due to improper operation of the jail or negligent supervision of its inmates because the County has no responsibility in that area.").

Plaintiff's allegation of a custom or policy in paragraph 19 suffers from the same flaw. There he alleges a "custom, policy and practice of overcrowding cells."   Complaint at ¶ 19. Again, the placement of inmates in cells and the decisions associated with that task are plainly *not* the province of the County and may be properly considered to fall into the categories of "the daily operation of the jail" or "the supervision of inmates."   See Turquitt, 137 F.3d at 1289 quoting Stark, 678 So. 2d at 787 ("Alabama counties possess some duties with respect to County jails.   However, none of these duties relates to the daily operation of the jails or to the supervision of inmates.   The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to providing facilities to house the jail'.").

Assuming, *arguendo*, the Plaintiff has alleged a custom or policy of the county, his attempt to state a claim still fails because he has not demonstrated that such alleged policy or

custom was the "moving force" behind the constitutional violation alleged.  See McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999).  In order to demonstrate a policy, it is not enough for a § 1983 Plaintiff merely to identify conduct properly attributable to a municipality.  The Plaintiff must demonstrate that, through its deliberate conduct, the municipality's policy or custom was the "moving force" behind the alleged constitutional deprivation.  Bd. of County Commissioners of Bryan County, Okla. v. Brown, 520 U.S. 397, 404 (1997).  The Plaintiff here has not – and cannot – make such a showing because the County is not the policymaker with respect to the acts or omissions he says caused his alleged deprivation.

Since the acts or omissions which the Plaintiff claims were undertaken pursuant to a County "custom, policy and practice" are not matters for which the County is responsible, the Plaintiff has not identified a custom, policy or practice of the *County* which could have even arguably resulted in his alleged injury.  Therefore, the Plaintiff fails to state a claim against this Defendant.  Consequently, all allegations against the Geneva County Commission are due to be dismissed.

**V.    PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT AND, THEREFORE, DUE TO BE DENIED.**

Confronted with authority declaring his request for injunctive relief moot because of his transfer to an Alabama Department of Corrections facility, the Plaintiff presents a theory designed to take advantage of a purported "exception" to the rule barring his request.  Although he did not advance *any* allegations in his Complaint to support his request for injunctive relief, the Plaintiff now responds to the Defendants' argument for denial of Plaintiff's request with a hypothesis that jail officials transferred him to avoid jurisdiction.  Plaintiff's Response Brief to Geneva County, p.3.  Plaintiff's attempt to salvage his request for relief comes up well short of the bona fide showing he must make to withstand denial of this request on mootness grounds.

Because the Plaintiff's request for injunctive relief is moot and because he fails to set out the requisite allegations necessary to justify the grant of injunctive relief, this request is due to be denied.

In his Response Brief, the Plaintiff cites <u>McKinnon v. Talladega County, Ala.</u>, 745 F.2d 1360 (11th Cir. 1984) for an "exception" to the general rule that the transfer of an inmate moots that inmate's request for injunctive relief with respect to the facility from which he was transferred. The pertinent language of that opinion states: "while this court might entertain jurisdiction over McKinnon's claim if there were evidence of efforts on the part of the defendants to evade the jurisdiction of the Court, the defendants have shown that there was no such subterfuge here." <u>Id.</u> at 1363.

Similarly, in the case now before this Court, there was no effort by the Defendants to evade the jurisdiction of this Court, nor was there a need for such an effort. As the Plaintiff points out in his Response Brief, "he was an inmate that [sic] should have been serving that sentence [for prior convictions] in an Alabama State Prison." Plaintiff's Response Brief to Geneva County Commission, p.3. Clearly, the Plaintiff was bound for an Alabama Department of Corrections ("DOC") facility. Unlike Plaintiff's suggestion, the Defendants have little or no control over when physical custody of an inmate is transferred from jail officials to state corrections officials. Furthermore, Defendants had no incentive to transfer the Plaintiff to DOC custody, thereby "avoid[ing] any future sanctions that might be required from a suit by a 'troublemaker'," as the Plaintiff's suit was filed more than *one year* after the incident in which Plaintiff was allegedly attacked. Plaintiff's Response Brief to Geneva County Commission, pp.3-4.

Moreover, the Plaintiff's hypothesis regarding Defendants' alleged transfer of him to avoid jurisdiction is inherently inconsistent. For instance, the Plaintiff states that "[t]he county facilities do not complain about the presence of state inmates because the state reimburses the county for their housing"; however, the Plaintiff then argues that "[w]hen an inmate is hard to handle or questions the operation of the County facility, the County pushes the state to remove the inmate from their facility." Plaintiff's Response Brief to Geneva County Commission, p.3. If the Plaintiff is suggesting that an inmate who files a lawsuit against jail officials is regarded by the Defendants as "hard to handle or question[ing] the operation of the county facility" and must be transferred to "avoid any future sanctions," it is worth reiterating that the Plaintiff did not file his lawsuit until more than one year *after* the date on which he was allegedly involved in a fight with another inmate. Plaintiff's Response Brief to Geneva County Commission, p.3. Assuming, *arguendo*, that Defendants seek to transfer any inmate who is "hard to handle" or who "questions the operation of the facility," there is no indication that the Plaintiff was objectively "hard to handle" or that he "question[ed] the operation of the facility." Requests for "safer conditions and medical attention" do not constitute an inmate who is "hard to handle or [who] questions the operation of the County facility" as these inquiries are so routine that every jail has forms inmates use to make such requests.

Finally, neither Plaintiff's Complaint nor his Response Brief contain the minimum allegations necessary for injunctive relief to issue. "An injunction is a 'remedy potentially available only after a Plaintiff can make a showing that some independent legal right is being infringed – if the Plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise'." Alabama v. United States Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir.

2004).  Specifically, a Plaintiff must show "(1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief." United States Army Corps of Engineers, 424 F.3d at 1128 citing Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982) (relying on Rizzo v. Goode, 423 U.S. 362, 377 (1976) and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506 (1959)).  "An injunction ordering a party to 'take action', such as file a third-party claim, is properly labeled a mandatory injunction."  United States v. Gilbert, 244 F.3d 888, 908 (11th Cir. 2001); see also Fox v. City of West Palm Beach, 383 F.3d 189, 194 (5th Cir. 1967) ("There is no question but that mandatory injunctions are to be sparingly issued and upon a strong showing of necessity and upon equitable grounds which are clearly apparent.").

The Plaintiff has not attempted to address any of these requisites in his Complaint or Response Brief.  He must first establish the violation of the right(s) asserted in his complaint, which he cannot do.  The requested injunctive relief must pertain to the right of the Plaintiff that allegedly was (or is currently) being violated.  See Dybczak v. Tuskegee Institute, 737 F.2d 1524, 1527 (11th Cir. 1984) ("we conclude that in a suit brought in the Plaintiff's individual capacity, injunctive relief benefiting nonparties is not required if it in no way relates to the vindication of the plaintiff's rights.").  Then, he must demonstrate that there is no adequate remedy at law for the violation he allegedly suffered.  The Plaintiff contends his rights were violated because of an attack he experienced.[3]  It is clear that the injunctive relief sought by the Plaintiff bears no relationship to the violation he allegedly suffered.  In fact, a very adequate remedy at law exists for the violation the Plaintiff allegedly suffered; one such adequate remedy

---

[3] Defendants believe the alleged attack of the Plaintiff to be the violation of which he complains; however, the poor organization of the Complaint's allegations and demands makes determination of Plaintiff's claims with any certainty nearly impossible.

is the civil rights action already instituted by the Plaintiff.  It is also clear that no irreparable harm will befall the *Plaintiff* if the requested relief does not issue.

The Plaintiff's request for injunctive relief is entirely without merit.  The legitimate transfer of the Plaintiff to DOC officials rendered his request for injunctive relief moot. Additionally, the Plaintiff fails to present information in his Complaint or Response Brief that would permit this Court to grant the Plaintiff's request.  As a result, the Plaintiff's request for injunctive relief is due to be denied.

## CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, Defendant Geneva County Commission moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, requests this Court require Plaintiff to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and grant unto Defendant Geneva County Commission its costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

**RESPECTFULLY SUBMITTED** this the 15th day of August, 2006.

**s/C. Richard Hill, Jr.**
KENDRICK E. WEBB (WEB022)
C. RICHARD HILL, JR. (HIL045)
Attorneys for Defendant Geneva County Commission
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail: rhill@webbeley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 15, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Joseph Earl Sawyer, Jr., Esq.**

**s/C. Richard Hill, Jr.**
**OF COUNSEL**