IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS RUDD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:06-cv-233-WKW-CSC |
| | ) |
| GENEVA COUNTY COMMISSION | ) |
| and SHERIFF GREG WARD, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT SHERIFF GREG WARD'S REPLY TO THE PLAINTIFF'S OPPOSITION TO THIS DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

COMES NOW Greg Ward, Sheriff of Geneva County, Alabama, a Defendant in the above-styled action in his official capacity,[1] and submits this Reply to the Plaintiff's Opposition to this Defendant's Motion to Dismiss/Alternative Motion for More Definite Statement.

### INTRODUCTION

In Defendant Sheriff Greg Ward's Motion to Dismiss the Plaintiff's Complaint and Brief in support of same, filed April 6, 2006, he presented legal authority and arguments showing that the Plaintiff's Complaint was due to be dismissed. First, Sheriff Ward asserted that all claims against him in his official capacity are due to be dismissed because: (1) he is entitled to Eleventh Amendment immunity; and, (2) in his official capacity, he is not a "person" for purposes of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Second, Sheriff Ward argued that Plaintiff's claims for

---

[1] Greg Ward is sued as the "Sheriff for Geneva, County, Alabama." See Caption of Complaint. He is identified in the Complaint as "the Sheriff of Geneva County." See Complaint, ¶ 3. Thus, it should be assumed that the Plaintiff has sued Sheriff Ward in his official capacity. See Marsh v. Butler County, 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) (en banc) (concluding that a Court would "decide th[e] case as one in which the complaint purports to sue the Sheriff in both her official and individual capacities," even though the text of the complaint did not state an individual capacity claim, because "the parties and the district judge clearly litigated the case in that way").

equitable relief are moot, are not justiciable because the Plaintiff lacks standing, and fail under the facts pled. Finally, Sheriff Ward requested that the Plaintiff alternatively be required to submit a more definite statement of claims so that Sheriff Ward could reasonably respond. The Plaintiff was originally ordered to respond to Sheriff Ward's Motion to Dismiss/Alternative Motion for More Definite Statement by April 27, 2006; however, on May 10, 2006, the Plaintiff filed a Motion for Extension of Time to File a Response. On June 16, 2006, this Court permitted the Plaintiff ten days in which to file a Response to Sheriff Ward's Motion to Dismiss/Alternative Motion for More Definite Statement. Subsequently, on June 26, 2006, the Plaintiff filed a Response Brief to Sheriff Ward's Motion to Dismiss/Alternative Motion for More Definite Statement.

## ARGUMENT

**I.    ALL CLAIMS AGAINST SHERIFF WARD ARE DUE TO BE DISMISSED.**

As noted above, it is assumed that Sheriff Ward is sued in his official capacity. By virtue of his position, Sheriff Townsend is an executive officer of the State of Alabama. See Article V, § 112 of the Alabama Constitution; see also McMillian v. Monroe County, 520 U.S. 781 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). A suit against an Alabama sheriff in his official capacity is regarded as a suit against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1997). As a result, the Plaintiff's claims under §§ 1983 and 1985 are barred by the Eleventh Amendment to the United States Constitution. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Fincher v. Florida Dep't of Labor & Employment Security-Unemployment Appeals Comm'n, 798 F.2d 1371, 1372 (11th Cir. 1986); Adams v. Franklin, 111 F. Supp. 2d 1255, 1262-63 (M.D. Ala. 2000); see also Dean v. Barber,

951 F.2d 1210, 1215 n.5 (11th Cir. 1992). Thus, this Court lacks subject matter jurisdiction over the Plaintiff's claims against Sheriff Ward in his official capacity. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Lancaster, 116 F.3d at 1429; Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1984).

Despite longstanding law in support of these arguments, the Plaintiff nevertheless contends that "Defendant Ward may be a state official in the area of law enforcement, [but] he is not a state official in the area of providing for and maintaining the county jail." Plaintiff's Response Brief to Sheriff Ward's Motion to Dismiss/Alternative Motion for More Definite Statement (hereinafter "Plaintiff's Response Brief to Sheriff Ward"), p.1. As authority for this argument, the Plaintiff cites McMillian v. Monroe County, Ala., 520 U.S. 781 (1997). Specifically, he notes that the McMillian Court "was not categorizing the Alabama sheriff as a state official in all areas." Plaintiff's Response Brief to Sheriff Ward, p.1. The Plaintiff's interpretation of the McMillian opinion is, for the most part, accurate; however, his argument that an Alabama sheriff is a county official for purposes of operating the jail cannot be sustained in light of controlling case law to the contrary. What follows is a detailed explanation of why Sheriff Ward is a state – not county – official for purposes of operating the Geneva County Jail.

The Plaintiff's assertion that Sheriff Ward "is not a state official in the area of providing for and maintaining the county jail" is erroneous and contradicted by explicit precedent of the Eleventh Circuit Court of Appeals and Alabama appellate courts. Plaintiff's Response Brief to Sheriff Ward, p.1. An Alabama sheriff and an Alabama county commission have separate and distinct roles with respect to county jails. Their respective roles are extremely clear following the litigation of this issue in several federal and state cases over the last fifteen years. When the

3

principles of these cases are applied to the Plaintiff's allegations, it is apparent why the Plaintiff has failed to state a claim upon which relief can be granted.

As the Plaintiff observes in his Response Brief regarding Sheriff Ward, the language employed by the United States Supreme Court in its holding in McMillian suggests an intent to declare Alabama sheriffs state – not county – officials "when executing their law enforcement duties." McMillian, 520 U.S. at 793. However, in reaching that conclusion, the Court relied, inter alia, on the intent of the framers of the 1901 Constitution of Alabama. Id. at 788. The Court determined that the framers' intent in making Alabama sheriffs state officials was to ensure greater control over the chief law enforcement authority in the counties. Id. Greater control was needed because it was believed "that sheriffs were allowing mobs to abduct prisoners and lynch them." Id. The framers addressed such alleged behavior on the part of sheriffs by making a sheriff's "neglect" of an *inmate* an impeachable offense[2] and by vesting the Alabama Supreme Court, instead of the county courts, with the authority "to begin impeachment proceedings against a wayward sheriff." Id. Thus, it is apparent that the United State Supreme Court was persuaded to construe Alabama sheriffs as state officials, at least in part, because the framers of the Alabama Constitution of 1901 intended sheriffs to be state officials due to their responsibility for ***operation of the jails***.

Less than one year after McMillian v. Monroe County, Ala., supra, was decided, the Eleventh Circuit Court of Appeals voted to review, en banc, the district court's denial of Jefferson County, Alabama's motion to dismiss the complaint of the estate of an inmate killed in

---

[2] See McMillian, 520 U.S. at 788 ("Ala. Const. of 1901, art. V, § 138 ('Whenever any prisoner is taken from jail, or from the custody of any sheriff or his deputy, and put to death, or suffers grievous bodily harm, owing to the neglect, connivance, cowardice, or other grave fault of the sheriff, such sheriff may be impeached'); State ex rel. Garber v. Cazalas, 162 Ala. 210, 50 So. 296 (1909) (sheriff's failure to close jail doors, resulting in lynching of prisoner, constitutes impeachable offense); M. McMillan, Constitutional Development in Alabama, 1789-1901, p. 338, n. 186 (1955) (impeachment provision resulted in 'much progress made against lynching')).

a fight in the Jefferson County Jail. Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Cir. 1998). One of the two questions presented to the court was whether an Alabama sheriff is a county policymaker for purposes of § 1983 liability when operating a jail. Id. at 1287. Following a review of Alabama statutory law, the opinion in McMillian, 520 U.S. 781 and other relevant federal decisions, the court concluded that "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." Turquitt, 137 F.3d at 1288.

The court then made several observations about the relationship of Alabama sheriffs and county commissions with regard to operation of a county jail. For instance, the court's "thorough analysis of the [Alabama] Code reveal[ed] that no statute authorizes counties to supervise inmates in the county jails." The opinion also recognized that "[t]he Alabama Supreme Court has held that that § 14-6-1 demonstrates that 'the sheriff's authority over the jail is totally independent of the [county commission]'." Id. at 1289 quoting King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993). To be sure, Alabama counties have "some duties" concerning the jails within their borders; "[h]owever, none of these duties relates to the daily operation of the jails or to the supervision of inmates. The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to providing facilities to house the jail'." Turquitt, 137 F.3d at 1289 quoting Stark v. Madison County, 678 So. 2d 787, 787 (Ala. Civ. App. 1996). "The duty to 'maintain a jail' under § 11-14-10 is merely the duty to keep the 'jail and all equipment therein in a state of repair and to preserve it from failure or decline'." Turquitt, 137 F.3d at 1290 quoting Keeton v. Fayette County, 558 So. 2d 884, 886 (Ala. 1989).

Perhaps most important with respect to the case at bar is the court's response to the Turquitt plaintiff's suggestion that Alabama sheriffs and their respective counties are "partners" in the operation of county jails. The court addressed that suggestion by stating:

5

> On the contrary, we conclude that the governing statutes impose complementary but distinct duties upon counties and sheriffs with respect to the county jails. Section § 11-14-20 places upon the County the duty to make available adequate funds, while § 11-14-21 passes the mantle of responsibility to the sheriff who must spend those funds. Far from joining the sheriff in a partnership with the County, the 'as far as the appropriation allows' language excuses the sheriff from performance of this duty if the County has not first performed its coordinate duty.

Turquitt, 137 F.3d at 1290. Later, in its discussion of Parker v. Williams, 862 F.2d 1471 (11th Cir. 1989), the court again acknowledged that "[t]he County cannot be liable for the harms that befall jail inmates due to improper operation of the jail or negligent supervision of its inmates because the County has no responsibility in that area." Turquitt, 137 F.3d at 1291.

The principle that Alabama sheriffs are state – not county – officials for purposes of operating a county jail is well-settled. Since the Turquitt decision was released in 1998, the Eleventh Circuit Court of Appeals and Alabama district courts have issued numerous opinions citing Turquitt with respect to this very issue. See, e.g., Marsh v. Butler County, Ala., 268 F.3d 1014, 1026 n.6 (11th Cir. 2001) (en banc) ("under Alabama law the County is not responsible for assuring procedures are in place for inmates to get medical care. Alabama law assigns counties a 'limited role in building and funding the jails'."); Bonner v. Chambers County, 2006 WL 1731135, at *3 (M.D. Ala. 2006); Shaw v. Coosa County Comm'n, 434 F. Supp. 2d 1199, 1202 (M.D. Ala. 2006) ("in matters related to the supervision of inmates and otherwise operating the county jails, Alabama's sheriffs are state, not county, officers, and a sheriff's authority is totally independent of the county commission."); Newsome v. Lee County, Ala., 431 F. Supp. 2d 1189, 1206 (M.D. Ala. 2006); Black v. Glover, 2006 WL 354794, at *3 (M.D. Ala. 2006) ("Under all facets of Alabama law, a county sheriff and his jailers act as state officers 'when supervising inmates and otherwise operating the county jails'."); Cotney v. Franklin, 2005 WL 1514069, at *4 (M.D. Ala. 2005); McClure v. Houston County, Ala., 306 F. Supp. 2d 1160, 1163 (M.D. Ala.

2003) ("under Alabama law, sheriffs are not county employees or agents, much less policymakers."); Raspberry v. Johnson, 88 F. Supp. 2d 1319, 1325 (M.D. Ala. 2000); Williams v. Goldsmith, 4 F. Supp. 2d 1112, 1121 (M.D. Ala. 1998); Weaver v. Tillman, 2006 WL 1889565, at *6 (S.D. Ala. 2006) ("In the wake of Turquitt, federal courts have uniformly rejected claims against Alabama counties alleging that an inmate sustained harm because of jail operations, management, policies or procedures."); Vinson v. Clarke County, Ala., 10 F. Supp. 2d 1282, 1295-96 (S.D. Ala. 1998) (county could not be liable for sheriff's failure to train jailer, inasmuch as sheriffs possess only state policymaking authority in running day-to-day affairs of jail).

Many of the Plaintiff's contentions in part I of his Response Brief to Sheriff Ward (i.e., "Defendant Sheriff Ward is Not Entitled to Eleventh Amendment Immunity and is a 'Person' for Purposes of 42 U.S.C. §§ 1983 and 1985") and Part IV of his Response Brief to Geneva County Commission (i.e., "The Geneva County Commission and the Geneva County Sheriff Work in Partnership to Appropriate Adequate Funds for the Maintenance and Operation of an Adequate and Safe Jail") are completely inaccurate, as revealed by the foregoing statements of law. Sheriff Ward does ***not*** "make the critical policy decisions" regarding the provision of funding for the jail and its equipment, Plaintiff's Response Brief to Sheriff Ward, p.3, nor does he "make the policies in regards to…necessary funding for the maintenance of a safe and adequate jail." Plaintiff's Response Brief to Geneva County Commission, p.5. The most obvious reason Sheriff Ward is not a policymaker with respect to the funding of a safe and adequate county jail is that he has no actual control over the allocation of funds to his department and, consequently, to the jail. See McMillian, 520 U.S. at 791-92 ("The county commissions do appear to have the discretion to deny funds to the sheriffs for their operations beyond what is 'reasonably

7

necessary'."); see also McClure v. Houston County, Ala., 306 F. Supp. 2d 1160, 1163 (M.D. Ala. 2003) ("under Alabama law, sheriffs are not county employees or agents, much less policymakers."). Turquitt makes this point rather clearly: "Section § [sic] 11-14-20 places upon the County the duty to make available adequate funds, while § 11-14-21 passes the mantle of responsibility to the sheriff who must spend those funds." Turquitt, 137 F.3d at 1290.

With respect to "maintenance of the jail and the necessary funding for the maintenance of a safe and adequate jail," the Plaintiff's Complaint fails for several reasons to state a claim against Sheriff Ward upon which relief can be granted. The primary reason he fails to state a claim is that, despite Plaintiff's assertions to the contrary, Sheriff Ward is merely the recipient of funds for the sheriff's department and the jail. The Sheriff is responsible for the expenditure of funds distributed to his department by the county commission. See Turquitt, 137 F.3d at 1290. Therefore, Sheriff Ward cannot be held responsible for allocations of funds by the county commission (or the lack thereof) with which the Plaintiff disagrees. See Turquitt, 137 F.3d at 1290 ("Far from joining the sheriff in a partnership with the County, the 'as far as the appropriation allows' language excuses the sheriff from performance of this duty if the County has not first performed its coordinate duty.").

Another reason the Plaintiff fails to state a claim is that, in the context of funding, he does not allege that Sheriff Ward acted or failed to act in a way that directly caused the violation complained of by the Plaintiff. In fact, the Plaintiff never once mentioned "fund," "funds" or "funding" in his Complaint. It is only in his Response Brief that the Plaintiff first discusses the matter of funding. Even then, the Plaintiff fails to assemble a coherent argument sufficient to state a claim upon which relief may be granted. As demonstrated immediately above, since Sheriff Ward has no responsibility for "critical policy decisions" regarding the provision of

8

funding for the jail and its equipment, it would be extremely difficult, if not impossible, for the Plaintiff to state a claim against Sheriff Ward on funding grounds.  Plaintiff's Response Brief to Sheriff Ward, p.3; see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety.").

      Since Sheriff Ward *is* a state official with respect to operation of the Geneva County Jail, the Plaintiff's action against Sheriff Ward in his official capacity is a suit against the State of Alabama.  Therefore, Sheriff Ward is entitled to Eleventh Amendment immunity.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1997) ("A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, see Seminole Tribe v. Florida, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, see Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities."); see also Black, 2006 WL 354794, at *3.

      Moreover, as a state official sued in his official capacity, Sheriff Ward is not a "person" for purposes of 42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Sheriff Ward is similarly not a "person" for purposes of 42 U.S.C. § 1985.  Young v. SouthTrust Bank, 51 F. Supp. 2d 1274, 1285 (M.D. Ala. 1999); see also Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 191 (4th Cir. 1999); Mousseaux v. United States, 28 F.3d 786, 787 (8th Cir. 1994); Sandoval v. Dep't of Motor Vehicles, State of New

York, 2004 WL 1950052 (E.D.N.Y. 2004) (a state and its agencies are not "persons" for purposes of lawsuits under 42 U.S.C. § 1985); O'Diah v. New York City, 2002 WL 1941179 (S.D.N.Y. 2002) (same); Rode v. Dellarciprete, 617 F. Supp. 721, 723 (M.D. Pa. 1985) (the Commonwealth of Pennsylvania and the Pennsylvania State Police, "as an agency of the Commonwealth, are not 'persons' within the meaning of §§ 1983 and 1985"); Coffin v. South Carolina Dep't of Social Services, 562 F. Supp. 579, 585 (D.S.C. 1983) (as alter egos of the state, neither the Department of Social Services or the Board are "persons" within the meaning of 42 U.S.C. §§ 1985 and 1986).

Clearly, Sheriff Ward *is* a state official with respect to his operation of the Geneva County Jail. As such, he is entitled to Eleventh Amendment immunity, but is not a "person" for purposes of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. For these reasons, Plaintiff's claims against Sheriff Ward in his official capacity are due to be dismissed.

**II.   COUNT II OF THE COMPLAINT IS DUE TO BE DISMISSED AS 42 U.S.C. § 1983 IS NOT A SOURCE OF SUBSTANTIVE RIGHTS.**

Defendant Sheriff Greg Ward adopts and incorporates the arguments for dismissal of Count II of the Plaintiff's Complaint on grounds that 42 U.S.C. § 1983 is not a source of substantive rights found in the Geneva County Commission's Reply Brief to Plaintiff's Response Brief to Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definite Statement.

**III.  ALL OF PLAINTIFF'S CONSTITUTIONAL CLAIMS – INCLUDING THOSE ARISING UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS – ARE DUE TO BE DISMISSED.**

Defendant Sheriff Greg Ward adopts and incorporates the arguments for dismissal of the Plaintiff's attempts to state a claim for violation or deprivation of his constitutional rights found in the Geneva County Commission's Reply Brief to Plaintiff's Response Brief to Defendant

Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definite Statement. Moreover, Sheriff Ward wishes to emphasize that all of Plaintiff's efforts to state a claim for violation of his rights are due to be dismissed.

### IV. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT AND, THEREFORE, DUE TO BE DENIED.

Defendant Sheriff Greg Ward adopts and incorporates the argument for denial of the Plaintiff's request for injunctive relief found in the Geneva County Commission's Reply Brief to Plaintiff's Response Brief to Defendant Geneva County Commission's Motion to Dismiss/Alternative Motion for More Definite Statement.

### CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, Defendant Greg Ward moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, requests this Court require Plaintiff to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and grant unto Defendant Ward his costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

**RESPECTFULLY SUBMITTED** this the 15th day of August, 2006.

s/C. Richard Hill, Jr.
KENDRICK E. WEBB (WEB022)
C. RICHARD HILL, JR. (HIL045)
Attorneys for Defendant Sheriff Greg Ward
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  rhill@webbeley.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on **August 15, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Joseph Earl Sawyer, Jr., Esq.**

            **s/C. Richard Hill, Jr.**
            OF COUNSEL