IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DENNIS RUDD,                                )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )       CASE NO. 1:06-cv-00233-WKW
                                            )       [wo]
GENEVA COUNTY COMMISSION, *et al.*,         )
                                            )
            Defendants.                     )

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Motion to Dismiss / Alternative Motion for More Definite

Statement filed by Defendant Sheriff Greg Ward (Doc. # 5) and by Defendant Geneva County

Commission (Doc. # 7), and the defendants' Motion to Strike (Doc. # 9). For the reasons given

below, the motions to dismiss are due to be granted in part and denied in part and the motion to

strike will be granted.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Dennis Rudd ("Rudd"), an inmate at the Geneva County Jail ("Jail") brings suit

against Sheriff Greg Ward ("Ward") and the Geneva County Commission ("Commission"). In the

style of the complaint, Rudd also names as defendants "X, Y, and Z, who are entities or individuals

who live in the Geneva area or Geneva County and all whose names when mentioned will be

substituted by amendment." (Compl.)

Rudd alleges that while detained at the Jail, he "became infected with a Staph infection due

to unkempt and foul jail conditions." (Compl. ¶ 5.) Construing the allegations of the complaint in

favor of the plaintiff, both Rudd and other inmates repeatedly requested that Rudd be moved to a

different cell block because of his infection. (*Id*. ¶ 6.) When he was not moved, Rudd was

"physically and severely assaulted." (*Id.*) Rudd attached a "Notice of Claim" to his complaint,

which appears to be Rudd's July 12, 2005 notice to the Commission and to the Jail of his claim.  In

the notice, he avers that he "was brutally beaten and because of said beating was caused to incur staff

infections." (Compl. Ex. A.)

There are three counts in the complaint.  "Count I" contains allegations related to the parties,

venue, and the facts.  "Count II" is entitled "Civil Rights Violation" and states a cause of action

pursuant to 42 U.S.C. § 1983 under three theories: conditions of confinement, failure to protect, and

failure to provide adequate medical care.  "Count III" is also entitled "Civil Rights Violation" and

purportedly states causes of action "aris[ing] under the Civil Rights Acts of 1861, 170 and 1871, 42

U.S.C. § 1983, 1985 and 1988 the 4th, 5th, 8th, and 17th Amendments to the United States

Constitution." (Compl. ¶ 15.)  In Count III, Rudd alleges jail overcrowding caused his injuries and,

as such, "Plaintiff was deprived of liberty interest protected under the 5th, 8th, and 14th

Amendments to the federal constitution and are liable under 42 USC 3 [sic] 1983, 1985." (*Id.* ¶ 22.)

Rudd further alleges in Count III that the jail overcrowding "violated the Plaintiff's constitutional

right to due process and expand protection and the Plaintiff's right against cruel and unusual

punishment in maintaining said jail in its condition." (*Id.* ¶ 23.)

## II.  JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331

(federal question) and 28 U.S.C. § 1343 (civil rights).  The parties do not contest personal

jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal

standard set forth in Rule 8: " a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (citation omitted).  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).  The court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 S. Ct. at 1974.

## IV.  DISCUSSION

### A.    *Motion to Strike*

In their motion to strike, the defendants argue that fictitious party pleading is not allowable under federal law.  This is generally true.  *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).  Accordingly, the motion will be granted and fictitious parties named in the style of the case shall be stricken.  Should the plaintiff discover the identities of X, Y, and Z, the court will entertain a properly drafted motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.

### B.    *Ward's Motion to Dismiss*

Ward makes several arguments in his motion.  The court will address each in turn.

#### 1.    Sheriff Sued in his Individual and Official Capacity

Ward asserts that the court should assume that he is sued in his official capacity because he

is identified in the complaint as "the Sheriff of Geneva County." (Compl. ¶ 3.) The court will not

make that assumption for there is nothing in the body or the caption of the complaint that evidences

the Rudd's intent to limit his claim against Ward in such a manner. Like the courts in *Marsh*, this

court will treat the "case as one in which the complaint purports to sue the Sheriff in both [his]

official and individual capacities." *See Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1023 n.4 (11th

Cir. 2001).

### 2.    Eleventh Amendment Immunity

Ward argues that the § 1983 claims against him are barred by the Eleventh Amendment.[1]

Absent abrogation or waiver of immunity, the Eleventh Amendment has been construed to absolutely

bar suits by individuals against state governments in federal court. *See Edelman v. Jordan*, 415 U.S.

651 (1974); *see also Quern v. Jordan*, 440 U.S. 332 (1979) (holding that § 1983 is not congressional

abrogation of state immunity ); *Williams v. Bennett*, 689 F.2d 1370, 1377-78 (11th Cir. 1982)

(finding that Alabama has not waived its immunity from suit). A suit against Ward in his official

capacity is a suit against the State of Alabama. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Lancaster*

*v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

However, the Eleventh Amendment does not prohibit suits against state employees sued in

their individual capacity for money damages or sued in their official capacity for prospective

equitable relief. *See Hafer*, 502 U.S. at 31; *Ex parte Young*, 209 U.S. 123 (1908) (holding that a

---

[1] The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or
> equity, commenced or prosecuted against one of the United States by Citizens of another State, or
> by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

plaintiff seeking prospective relief from the state must name as a defendant a state official rather than the state or a state agency directly even though in reality the suit is against the state).  Therefore, to the extent that Rudd brings claims for damages against Ward in his official capacity, those claims will be dismissed.

**3.      A "Person" Under § 1983 and § 1985**

Ward argues that a state official sued in his official capacity is not a person under § 1983 and § 1985 and, thus, those claims should be dismissed.  Although "neither a State nor its official acting in their official capacities are 'persons' under § 1983," *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), a state official sued for prospective injunctive relief in his or her official capacity is a person under § 1983, *see id.* at 71 n.10, as are state officials sued in their individual capacities. *See Hafer*, 502 U.S. at 31.  This analysis has also been applied to § 1985 claims.  *See Young v. SouthTust Bank, N. A.*, 51 F. Supp. 2d 1274, 1285 (M.D. Ala. 1999).  Therefore, only the § 1983 and § 1985 claims against Ward in his official capacity for damages will be dismissed.

**4.      Mootness of Claims for Injunctive Relief**

Ward argues that Rudd's claims for injunctive relief are moot because he is no longer incarcerated at the Geneva County Jail.[2]  Rudd alleges that "Plaintiff, Dennis Rudd, is an adult resident currently incarcerated in Easterling Correctional Facility, an Alabama prison situated in Clayton County, State of Alabama."  (Compl. ¶ 1.)

A plaintiff seeking injunctive or declaratory relief must show a sufficient likelihood of future harm.  *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  Rudd cannot make this showing

---

[2] The Commission also moves to dismiss Rudd's claims for injunctive relief on the grounds that the claims are moot.  The court's analysis therefore applies to the Commission's motion as well.

because he is no longer confined at the Jail.  Accordingly, his claim for injunctive relief is due to be

dismissed due to mootness.[3]  *See Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (mooting

claims for declaratory and injunctive relief after plaintiff's release from prison); *McKinnon v.*

*Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (mooting claims for declaratory and

injunctive relief after plaintiff's transfer to a different jail).

## C.      *Commission's Motion to Dismiss*

Like Ward, the Commission makes several arguments in support of its motion.  The court

addresses each in turn.

### 1.      Count I Does Not State a Cause of Action

The Commission asserts that Count I neither states a cause of action nor a theory of relief.

The court agrees that Count I does not state a cause of action and merely contains allegations related

to the parties, venue, and the facts.  Using "Count I" as a heading is not a per se violation of the

Federal Rules of Civil Procedure; therefore, the motion to dismiss will be denied in this respect.

### 2.      Section 1983 is Not the Source of Any Substantive Right

The Commission asserts that Rudd's claim in Count II is due to be dismissed because § 1983

is not a source of substantive rights.  It is true that § 1983 is not a source of substantive rights.  *See*

*Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).  Section 1983 merely provides

a remedy for a deprivation of constitutional rights.  *Id.*  Under the heading of Count II in his

complaint, Rudd alleges that "Defendants unlawfully deprived Plaintiff of Plaintiff's legal rights

guaranteed to him by the Constitution and Laws of the United States in that Defendants failed to

---

[3]  Because Rudd cannot maintain his claim against Ward for injunctive relief, the court concludes that all claims against Ward in his official capacity will be dismissed.  A claim for damages against Ward in his individual capacity remains.

provide . . . ." (Compl. ¶ 9.) Rudd simply fails to name in Count II the constitutional right of which

he was deprived. This is hardly fatal to his claim as it is clear to the court that, in light of the fact

that Rudd is complaining about the conditions of his incarceration, the Eighth Amendment is

implicated here.[4] Moreover, Rudd names the Eighth Amendment later in the complaint. Thus, the

motion to dismiss will be denied in this regard.

### 3.    Substantive Rights

The Commission argues that Rudd's § 1983 claim fails to the extent it is based upon the

Fifth, Fourteenth, Seventeenth, and Fourth Amendments. The court agrees. The Fifth Amendment

does not apply to state and local governments. Because Rudd alleges he was a prisoner and not a

pretrial detainee, the Fourteenth Amendment is not implicated. The Seventeenth and the Fourth

Amendments are also not implicated under the facts alleged in the complaint. For these reasons, to

the extent Rudd alleges a deprivation of these rights, his § 1983 claim must fail.

### 4.    Theory of the Commission's Liability

The Commission asserts that, because it has no authority over Sheriff Ward or the operation

of Jail, it cannot be held liable for jail operations or for the actions of the sheriff or his employees.

The Commission further argues it cannot be held liable on a theory of *respondeat superior*.

It is true that the theory of *respondeat superior* to establish governmental or supervisor

liability is unavailable under § 1983. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691-92,

694 n.58 (1978). Therefore, to the extent Rudd's § 1983 claims are based on vicarious liability, they

are due to be dismissed. However, it does not appear that the claims alleged against the Commission

---

[4] It must also be clear to the Commission who "notes that the Plaintiff was convicted at the time of his allegations, and therefore, his claims fall under the Eighth Amendment, not the Fourteenth." (Br. at 3-4.)

are based solely on the theory of *respondeat superior*.

A county commission in Alabama may be held liable under § 1983 under the theory of governmental liability. *See id.* at 658. "Alabama counties possess some duties with respect to county jails," *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998), but counties have no authority to supervise inmates or operate jails:

> The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to providing facilities to house the jail.' *Stark v. Madison County,* 678 So.2d 787, 787 (Ala. Civ. App. 1996). The county commission is charged with erecting and maintaining jails, and each county is required to maintain a jail of sufficient size and strength to secure the prisoners. Ala. Code §§ 11-14-10, 11-14-13 (1989).

*Id.* at 1289-90; *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1027 (11th Cir. 2001).

Although the county is not responsible for general prison conditions, *Turquitt*, 137 F.3d at 1289, the county is responsible for building and maintaining a jail "of sufficient size and strength" to securely keep inmates. *See* Ala. Code § 11-14-13; *Marsh*, 268 F.3d at 1027. Rudd alleges that the "overcrowding of cells" at the Jail and the "lack of proper facilities" caused his injuries. (Compl. ¶ 22.) Accordingly, at this stage in the litigation, the court cannot say as a matter of law that the Commission did not fail to build and maintain a Jail and that such a failure, if ultimately proved, did not constitute deliberate indifference to a substantial risk of serious harm to Rudd in violation of the Eighth Amendment.

The Commission also argues that the claims against it should be dismissed because Rudd failed to allege the "Commission enacted a policy or custom that the 'moving force' behind the Plaintiff's injury." (Br. at 10.) The cases relied upon by the Commission in its reply brief were reviewed after summary judgment, *see McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999), and after

a jury verdict. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997). At this stage of the litigation Rule 8 requires only that Rudd plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 S. Ct. at 1974. The court finds that the Commission is not entitled to a dismissal on these grounds as Rudd has sufficiently *pleaded* the claim.

**D.      *Ward's and Commission's Alternative Motions for More Definite Statement***

Both Ward and the Commission seek a more definite statement of Rudd's claims so that they may be able to reasonably respond to the complaint. They argue that the complaint is a shotgun pleading and contains vague and conclusory allegations.

A shotgun pleading "contains several counts, each one incorporating by reference the allegations of all of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). In a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Here, in ruling on the sufficiency of the complaint, the court has not had any difficulty in determining that the few facts alleged in the five-page complaint state a § 1983 claim (under three separate theories) for a violation of Rudd's Eighth Amendment rights. However, the complaint contains extraneous allegations, such as the "Count I" heading, which does not state a cause of action.

Nevertheless, the motion for more definite statement will be denied. Rule 12 requires such motions to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). The defendants identify some defects, such as "Count I" does not state a cause of action, but do not state what details they are seeking from the plaintiff. Defendants further fail to state why they cannot

respond to the complaint.[5] As the defendants noted in their briefs, one of the purposes of requiring a more definite statement is to promote judicial economy. The court finds that requiring another version of the complaint, which is likely to lead to yet another motion to dismiss or for more definite statement, is not the best use of judicial resources, especially where the complaint does not constitute a shotgun pleading and is sufficiently drawn for the defendants to respond. Therefore, the motions for more definite statement are due to be denied.

### IV. CONCLUSION

For the reasons set forth above, it is ORDERED that:

1.      The Motion to Strike (Doc. # 9) is GRANTED;

2.      The fictitious parties named in the style of the complaint are STRICKEN;

3.      The Motion to Dismiss filed by Defendant Sheriff Greg Ward (Doc. # 5) is GRANTED in part and DENIED in part;

> a.      The motion is GRANTED with respect to injunctive relief and Eleventh Amendment immunity; therefore,
>
> > (i)      The claims for injunctive relief against Defendant Sheriff Greg Ward are DISMISSED with prejudice;
> >
> > (ii)     The claims against Defendant Sheriff Greg Ward in his official capacity are DISMISSED with prejudice;
> >
> > (iii)    The claims for damages against Defendant Sheriff Greg Ward in his individual capacity remain;

---

[5]  Ironically, the defendants only make the conclusory statement that the complaint contains vague and conclusory allegations.

      b.      The motion is DENIED with respect to all other grounds;

    4.      The Motion to Dismiss filed by Defendant Geneva County Commission (Doc. # 7) is GRANTED in part and DENIED in part;

      a.      The motion is GRANTED with respect to the Fifth, Fourteenth, Seventeenth, and Fourth Amendments not forming the basis of a § 1983 suit and a defendant's liability cannot be based on a theory of vicarious liability; therefore,

        (i)      To the extent the complaint alleges violations of the Fifth, Fourteenth, Seventeenth, and Fourth Amendments, those claims are DISMISSED with prejudice;

        (ii)      To the extent the complaint alleges liability on a theory of vicarious liability, those claims are DISMISSED with prejudice;

        (iii)      The § 1983 claim against Defendant Geneva County Commission remains;

      b.      The motion is DENIED with respect to all other grounds;

    5.      The Alternative Motions for More Definite Statement filed by Defendant Sheriff Greg Ward (Doc. # 5) and Defendant Geneva County Commission (Doc. # 7) are DENIED;

    6.      The defendants shall file their answers **on or before September 24, 2007.**

    DONE this 10th day of September, 2007.

                      /s/   W.  Keith Watkins
                      UNITED STATES DISTRICT JUDGE