**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DENNIS RUDD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 1:06-cv-00233-WKW |
| | ) |
| **GENEVA COUNTY COMMISSION,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SHERIFF GREG WARD'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW the Defendant, Sheriff Greg Ward, and moves for this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant unto him summary judgment with respect to all claims against him. This motion is based on the grounds listed herein, the evidentiary materials filed under separate cover, and the memorandum brief submitted contemporaneously herewith. The Plaintiff has failed to create a genuine issue of material fact and Defendant is entitled to judgment as a matter of law. Furthermore, Defendant is entitled to qualified immunity.

Specifically, Defendant is entitled to summary judgment based on the following grounds:

I.  Plaintiff has failed to carry his burden of proof under Rule 56(c), Fed. R. Civ. P.

II. Sheriff Ward is entitled to summary judgment because Plaintiff has not established a violation of his eighth amendment rights.

  A. Plaintiff has presented no evidence to support any Eighth Amendment claim.

1

    1. Plaintiff has not shown that Sheriff Ward was deliberately indifferent to any reasonably serious medical condition that Plaintiff made known to him.

    2. Plaintiff has not shown that Sheriff Ward imposed any inhumane conditions of confinement or treatment upon Plaintiff during his confinement.

    3. Plaintiff failed to produce any evidence that Sheriff Ward had subjective knowledge that Plaintiff was going to suffer a substantial risk of harm, or that Sheriff Ward intentionally disregarded that risk

  B. Neither the decisions of the Eleventh Circuit nor those of the United States Supreme Court placed Sheriff Ward on notice that his conduct would violate the Plaintiff's "clearly established" federal rights with respect to:

    1. Deliberate indifference to Plaintiff's medical condition;

    2. Deliberate indifference in Plaintiff's conditions of confinement; and

    3. Deliberate indifference in failure to protect.

III. Plaintiff's claims under the 4th, 5th, 14th, and 17th Amendments are due to be denied as a matter of law.

  A. Plaintiff's Fourth Amendment claims are due to be dismissed as the Fourth Amendment is not applicable to the facts as alleged.

  B. Plaintiff's Fifth Amendment claims are due to be dismissed because the Fifth Amendment due process clause does not apply to state and local governments.

  C. Plaintiff's Fourteenth Amendment claims are due to be dismissed because the Plaintiff was a convicted prisoner at the relevant time.

D. Plaintiff's Seventeenth Amendment claims are due to be dismissed as the Seventeenth Amendment does not apply in the instant case.

IV. The Plaintiff's claims are barred because he has failed to comply with the provisions mandated by 42 U.S.C. § 1997E(A) of the Prison Litigation Reform Act ("PLRA").

WHEREFORE, PREMISES CONSIDERED, Defendant Sheriff Greg Ward moves for this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant unto him summary judgment with respect to all claims against him.

Respectfully submitted this the 9th day of September, 2008.

s/C. Richard Hill, Jr.
KENDRICK E. WEBB (WEB022)
C. RICHARD HILL, JR. (HIL045)
JOSEPH L. HUBBARD, JR. (HUB015)
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
(334) 262-1850 - Telephone
(334) 262-1889 - Fax
E-mail:  rhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **J. E. Sawyer, Jr., Esquire.**

s/C. Richard Hill, Jr.
OF COUNSEL